MICHELLE B. HEVERLY, Bar No. 178660
TODD K. BOYER, Bar No. 203132
LITTLER MENDELSON
A Professional Corporation
50 W. San Fernando, 15th Floor
San Jose, CA 95113.2303
Telephone: 408.998.4150

E-filing

Filed
NOV - 7 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

Attorneys for Defendant
LOCKHEED MARTIN CORPORATION

ADR

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

RMW

| | |
|---|---|
| DAVID LANDE,<br>Plaintiff,<br>v.<br>Lockheed Martin Corporation,<br>Defendant. | Case No. C 08 05099<br>**DEFENDANT LOCKHEED MARTIN CORPORATION'S NOTICE TO FEDERAL COURT OF REMOVAL OF ACTION FROM STATE COURT** |

TO THE CLERK OF THE ABOVE ENTITLED COURT:

PLEASE TAKE NOTICE that Defendant Lockheed Martin Corporation ("Defendant") hereby removes the above-entitled action, Case No. 1-08-CV-121542, from the Superior Court of the State of California, County of Santa Clara, to the United States District Court for the Northern District of California, pursuant to 28 U.S.C. §§ 1331, 1332(a)(1), 1441(b) and 1446. This Court has jurisdiction on the grounds that a federal question of law exists as plead in the Complaint pursuant to 28 U.S.C. § 1331 and on diversity grounds pursuant to 28 U.S.C. § 1332(a)(1).

This case may be removed pursuant to 28 U.S.C. § 1441(b) because it is a civil action founded on a claim or right arising under the laws of the United States. This case may also be removed pursuant to 28 U.S.C. § 1441(b) because it is a civil action in which the amount in

controversy exceeds $75,000, exclusive of interest and costs, it is between citizens of different states, and no defendant is a citizen of the State of California .

## I. GENERAL INFORMATION

1. On August 29, 2008, Plaintiff filed his Complaint in the Superior Court of the State of California, County of Santa Clara, entitled, DAVID LANDE V. LOCKHEED MARTIN CORPORATION, designated as Case No. 1-08-CV-121542, hereinafter the "Complaint."

2. In the Complaint, Plaintiff alleges that Defendant breached an employment contract by not paying him severance pay under Lockheed Martin's Severance Benefit Plan. True and correct copies of Plaintiff's Summons and Complaint from the Santa Clara County Superior Court are attached hereto as Exhibit "A."

3. Defendant was served with a notice of acknowledgement of receipt of Plaintiff's Complaint, which Defendant acknowledged and returned to Plaintiff on October 14, 2008. A true and correct copy of the executed acknowledgement of receipt is attached hereto as Exhibit "B."

4. This Notice to Federal Court of Removal of Civil Action is timely in that it is filed within 30 days of October 14, 2008, the date Defendant acknowledged receipt of Plaintiff's Complaint. The date on which Defendant acknowledges receipt of Plaintiff's Complaint is the date of service of the complaint as the signing of the acknowledgement effectively consents to Plaintiff's service by mail. Cal. Code Civ. Proc. § 415.30(c). Defendant has 30 days from the date of signing of an acknowledgement of receipt to respond to the complaint. Cal. Code Civ. Proc. §§ 412.209a)(3), 415.30(c); Murph y Brothers, Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344 (1999); Brown v. Demco, Inc., 792 F.2d 478 (5th Cir. 1986) (thirty day removal period runs for all defendants from the date served with the original complaint); McAnally Enterprises, Inc. v. McAnally, 107 F. Supp.2d 1223, 1229 (C.D. Cal. 2000) (same).

## II. JURISDICTION

### A. FEDERAL QUESTION JURISDICTION

5. This Court has original jurisdiction pursuant to the Employee Retirement Income Security Act, [29 U.S.C. § 1001 et seq. ] ("ERISA"); 28 U.S.C. §§ 1331; 1441(a), (b), (c).

Section 1331 provides as follows:

> The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.

6. Removal of a state court action pursuant to 28 U.S.C. § 1441(b) is proper if the plaintiff alleges facts sufficient to state a cause of action which could have been brought originally in federal court. See , e.g. , Franchise Tax Board v. Construction Laborers Vacation Trust, 463 U.S. 1, 10, (1983); Sullivan v. First Affiliated Securities Inc., 813 F.2d 1368, 1371 (9th Cir. 1987). Plaintiff cannot avoid removal by "artfully pleading" his federal claims under state law. Sullivan, 813 F.2d at 1372. In the instant case, the Court has jurisdiction over Plaintiff's claims because they are preempted by ERISA, 29 U.S.C. § 1001 *et seq*.

7. In Plaintiff's First Cause of Action in his Complaint, he alleges that Defendant failed to pay him Severance Pay under Lockheed Martin's Severance Benefit Plan. (Plaintiff's Complaint, p 4, BC-1.) Defendant's Severance Benefit Plan is an employee welfare benefit plan organized under the Employee Retirement Income Security Act of 1974 (ERISA). (See page 14, of Defendant's Severance Benefit Plan (hereinafter "the Plan," a true and correct copy of which is attached hereto as Exhibit "C").) The Plan specifically states that "The Plan is intended to constitute an employee welfare benefit plan under the Employee Retirement income Security Act of 1974 ("ERISA") and shall be interpreted and administered accordingly." (See Plan, p. 14.) As the U.S. Supreme Court has declared: "plans to pay employees severance benefits, which are payable only upon termination of employment, are employee welfare benefit plans." Massachusetts v. Morash, 490 U.S. 107, 116, 109 S.Ct. 1668 (1989). In this case, and as stated in Plaintiff's complaint, both of Plaintiff's breach of contract claims are based on an alleged failure of Defendant to pay benefits under the Plan. Thus, Plaintiff's claims for breach of contract are actually claims under ERISA section 502(a)(1)(B) for a failure to pay benefits. See 29 U.S.C. § 1132(a)(1)(B).

8. Plaintiff's breach of contract claims are preempted under ERISA. ERISA preemption is "conspicuous for its breadth" and "deliberately expansive." Ingersoll-Rand v. McClendon, 498 U.S. 133, 138 (1990) (citations omitted). ERISA preempts "any and all State laws insofar as they may now or hereafter relate to any employee benefit plan" covered by the statute. 29

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 W. San Fernando, 15th Floor
San Jose, CA 95113 2303
408 998 4150

U.S.C. § 1144(a). The phrase "state laws" includes state common law causes of action." Ingersoll-Rand, 498 U.S. at 139. A cause of action "relates to" an employee benefit plan "if it has a connection with or reference to such a plan." Id. (quoting Shaw v. Delta Air Lines, 463 U.S. 85, 96-97 (1983)).

9. Accordingly, this case may be removed to this Court by Defendant pursuant to Section 1331 and 28 U.S.C. Section 1441(b) because it is a civil action that arises under the laws of the United States.

10. The remaining claims, to the extent they are unrelated to Defendant's ERISA Plan, all relate to Plaintiff's employment with Defendant and are based on the same facts, events, transactions and occurrences as Plaintiff's ERISA claim so as to form part of the same case and controversy. Therefore, the Court has supplemental jurisdiction over any remaining claims pursuant to 28 U.S.C. Section 1367(a). Alternatively, the Court has jurisdiction of the remaining claims pursuant to 28 U.S.C. Section 1441(c).

**B. DIVERSITY JURISDICTION**

**Citizenship of the Parties.**

11. Diversity grounds for removal exist based upon the following:

a. Defendant is informed and believes that Plaintiff was, at the time of commencing this action, and still is, a citizen of Santa Clara County, California.

b. At the time this action was commenced in state court, Defendant was, and still is, a corporation organized under the laws of the State of Maryland and maintaining its principal place of business in the State of Maryland. Thus, Defendant is not a citizen of the State of California. 28 U.S.C. § 1332 (c)(1).

12. No other party has been named or has been served as of the date of this removal.

**Amount in Controversy.**

13. In order to satisfy the $75,000 amount in controversy requirement, the removing party must demonstrate that the amount in controversy "more likely than not" exceeds $75,000. Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 404 (9th Cir. 1996).

14. The District Court may consider whether it is facially apparent from the Complaint that the jurisdictional amount is met. Singer v. State Farm Mutual Auto Ins. Co., 116 F.3d 373, 377 (9th Cir. 1997); Conrad Assoc. v. Hartford Accident & Indemnity Co., 994 F. Supp. 1196, 1198 (N.D. Cal. 1998).

15. In the present case, Plaintiff's Complaint seeks monetary damages for a breach of an employment contract. Plaintiff claims that he earned wages at the annual rate of over $133,000, not inclusive of benefits. (See Plaintiff's Complaint, p. 10, Ex. BC-2.) Plaintiff claims that he is entitled to back wages and Severance Benefits under Defendant's Severance Plan. The aggregation of Plaintiff's claims is sufficient to meet the $75,000 amount in controversy requirement. Wolde-Meskel v. Vocational Instruction Project Community Services, Inc., 166 F.3d 59, 62 (2d Cir. 1999); See Bank of California v. Twin Harbors Lumber Co., 465 F.2d 489, 491 (9th Cir. 1972).

16. Accordingly, it is apparent from the face of the Complaint that the $75,000 amount in controversy requirement is met. See Bosinger v. Phillips Plastics Corp., 57 F.Supp.2d 986, 989 (S.D. Cal. 1999) (finding federal jurisdiction over matter, nothing that since plaintiff had pleaded contract and tort damages, along with punitive damages, the Complaint exceeded the $75,000 amount in controversy requirement).

17. Therefore, this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332.

## III. VENUE

18. The action is pending in Santa Clara County Superior Court. Venue properly lies in the United States District Court for the Northern District of California pursuant to 28 U.S.C. sections 84(a), 1391(a), and 1441(a).

## IV. INTRADISTRICT ASSIGNMENT

19. All civil actions arising in the County Santa Clara shall be assigned to the San Jose Division. Northern District Local Rules, Rules 3-2(c) & (d) and 3-5(b). Plaintiff filed this case in Santa Clara County, thus assignment in the San Jose Division is correct.

**V. NOTICE TO PLAINTIFF**

20. Contemporaneously with the filing of this Notice of Removal in the United States District Court for the Northern District of California, written notice of the removal is given by the undersigned to counsel for Plaintiff and a copy of this Notice of Removal will be filed with the Clerk of the Superior Court for the State of California for the County of Santa Clara. Copies of the aforementioned documents are filed herewith.

WHEREFORE, Defendant prays that the above-referenced action now pending in Santa Clara County Superior Court, State of California, Case No. 1-08-CV-121475, be removed from that court to this United States District Court for the Northern District of California.

Dated: November 7, 2008

TODD K. BOYER
LITTLER MENDELSON
A Professional Corporation
Attorneys for Defendant
LOCKHEED MARTIN CORPORATION

Firmwide:87157366.1 051770.1010

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

ENDORSED
FILED

AUG 29 08

David H. Yamasaki, Clerk of the Superior Court
County of Santa Clara, California
By: ______ Deputy Clerk

J. Cao-Nguyen

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***
Lockheed Martin Corporation

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***
David Lande

**You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.**

**There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.**

***Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.***

***Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.***

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Superior Court of California, County of Santa Clara
191 North First Street
San Jose, CA 95113

CASE NUMBER: (Número del Caso): 108CV121542

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
David Lande
707 Continental Circle, Apt 937, Mountain View, CA 94040 (650) 237-9039

DATE: *(Fecha)* AUG 29 2008 DAVID H. YAMASAKI Chief Executive Officer, Clerk Clerk, by *(Secretario)* J. Cao-Nguyen, Deputy *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☐ on behalf of *(specify)*:
   under: ☐ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

PLD-C-001

ATTORNEY OR PARTY WITHOUT ATTORNEY (*Name, State Bar number, and address*):
DAVID LANDE
707 CONTINENTAL CIR
APT 937
MOUNTAIN VIEW, CA 94040
TELEPHONE NO: 650-237-9039 FAX NO. (*Optional*):
E-MAIL ADDRESS (*Optional*): dave_lande@yahoo.com
ATTORNEY FOR (*Name*): In pro per

FOR COURT USE ONLY

ENDORSED
FILED
AUG 29 08
David H. Yamasaki, Clerk of the Superior Court
County of Santa Clara, California
By: J. Cao-Nguyen

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** SANTA CLARA
STREET ADDRESS: 191 North First Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Jose, CA 95113
BRANCH NAME:

PLAINTIFF: David Lande

DEFENDANT: Lockheed Martin Corporation

☐ DOES 1 TO ____________

**CONTRACT**

☑ **COMPLAINT** ☐ **AMENDED COMPLAINT (*Number*):**

☐ **CROSS-COMPLAINT** ☐ **AMENDED CROSS-COMPLAINT (*Number*):**

**Jurisdiction (*check all that apply*):**
☑ **ACTION IS A LIMITED CIVIL CASE**
**Amount demanded** ☐ **does not exceed $10,000**
☑ **exceeds $10,000 but does not exceed $25,000**
☐ **ACTION IS AN UNLIMITED CIVIL CASE (exceeds $25,000)**
☐ **ACTION IS RECLASSIFIED by this amended complaint or cross-complaint**
☐ **from limited to unlimited**
☐ **from unlimited to limited**

CASE NUMBER:
108CV121542

1. **Plaintiff*** (*name or names*):
David Lande
alleges causes of action against **defendant*** (*name or names*):
Lockheed Martin Corporation
2. This pleading, including attachments and exhibits, consists of the following number of pages: 12
3. a. Each plaintiff named above is a competent adult
   ☐ **except** plaintiff (*name*):
   (1) ☐ a corporation qualified to do business in California
   (2) ☐ an unincorporated entity (*describe*):
   (3) ☐ other (*specify*):

   b. ☐ Plaintiff (*name*):
   a. ☐ has complied with the fictitious business name laws and is doing business under the fictitious name (*specify*):

   b. ☐ has complied with all licensing requirements as a licensed (*specify*):
   c. ☐ Information about additional plaintiffs who are not competent adults is shown in Attachment 3c.
4. a. Each defendant named above is a natural person
   ☑ **except** defendant (*name*): Lockheed Martin
   (1) ☐ a business organization, form unknown
   (2) ☑ a corporation
   (3) ☐ an unincorporated entity (*describe*):

   (4) ☐ a public entity (*describe*):

   (5) ☐ other (*specify*):

   ☐ **except** defendant (*name*):
   (1) ☐ a business organization, form unknown
   (2) ☐ a corporation
   (3) ☐ an unincorporated entity (*describe*):

   (4) ☐ a public entity (*describe*):

   (5) ☐ other (*specify*):

* If this form is used as a cross-complaint, plaintiff means cross-complainant and defendant means cross-defendant.



Form Approved for Optional Use
Judicial Council of California
PLD-C-001 [Rev. January 1, 2007]

**COMPLAINT—Contract**

Code of Civil Procedure, § 425.12

American LegalNet, Inc.
www.FormsWorkflow.com

PLD-C-001

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Lande v. Lockheed Martin Corporation | 108 CV 121542 |

4. *(Continued)*
   b. The true names of defendants sued as Does are unknown to plaintiff.
      (1) ☐ Doe defendants *(specify Doe numbers)*: ______________ were the agents or employees of the named defendants and acted within the scope of that agency or employment.
      (2) ☐ Doe defendants *(specify Doe numbers)*: ______________ are persons whose capacities are unknown to plaintiff.
   c. ☐ Information about additional defendants who are not natural persons is contained in Attachment 4c.
   d. ☐ Defendants who are joined under Code of Civil Procedure section 382 are *(names)*:

5. ☐ Plaintiff is required to comply with a claims statute, **and**
   a. ☐ has complied with applicable claims statutes, *or*
   b. ☐ is excused from complying because *(specify)*:

6. ☐ This action is subject to ☐ Civil Code section 1812.10 ☐ Civil Code section 2984.4.

7. This court is the proper court because
   a. ☑ a defendant entered into the contract here.
   b. ☐ a defendant lived here when the contract was entered into.
   c. ☐ a defendant lives here now.
   d. ☑ the contract was to be performed here.
   e. ☑ a defendant is a corporation or unincorporated association and its principal place of business is here.
   f. ☐ real property that is the subject of this action is located here.
   g. ☐ other *(specify)*:

8. The following causes of action are attached and the statements above apply to each *(each complaint must have one or more causes of action attached)*:

   ☑ Breach of Contract
   ☐ Common Counts
   ☐ Other *(specify)*:

9. ☐ Other allegations:

10. **Plaintiff prays** for judgment for costs of suit; for such relief as is fair, just, and equitable; and for
    a. ☑ damages of: $ 25,000
    b. ☐ interest on the damages
       (1) ☐ according to proof
       (2) ☐ at the rate of *(specify)*: percent per year from *(date)*:
    c. ☐ attorney's fees
       (1) ☐ of: $
       (2) ☐ according to proof.
    d. ☐ other *(specify)*:

11. ☐ The paragraphs of this pleading alleged on information and belief are as follows *(specify paragraph numbers)*:

Date: 9/23/08

DAVID LANDE ▶ [signature]

(TYPE OR PRINT NAME) (SIGNATURE OF PLAINTIFF OR ATTORNEY)

*(If you wish to verify this pleading, affix a verification.)*

PLD-C-001(1)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Lande v. Lockheed Martin Corporation | 108 CV 121542 |

Second (number) **CAUSE OF ACTION—Breach of Contract**

ATTACHMENT TO [x] Complaint [ ] Cross - Complaint

*(Use a separate cause of action form for each cause of action.)*

BC-1. Plaintiff *(name):* DAVID LANDE

alleges that on or about *(date):* October 17, 2003

a [x] written [ ] oral [ ] other *(specify):*

agreement was made between *(name parties to agreement):*

David Lande and Lockheed Martin Corporation

[ ] A copy of the agreement is attached as Exhibit A, or

[x] The essential terms of the agreement [x] are stated in Attachment BC-1 [x] are as follows *(specify):*

Plaintiff entered into a full-time employment contract with defendant, for a regular staff position at a yearly salary.

BC-2. On or about *(dates):* March 8, 2008

defendant breached the agreement by [x] the acts specified in Attachment BC-2 [x] the following acts *(specify):*

Constructive termination of plaintiff's position: defendant unilaterally and without consent changed plaintiff's terms of employment from full-time to half-time and reduced plaintiff's compensation by half. Defendant's action made plaintiff's position untenable and forced plaintiff's resignation.

BC-3. Plaintiff has performed all obligations to defendant except those obligations plaintiff was prevented or excused from performing.

BC-4. Plaintiff suffered damages legally (proximately) caused by defendant's breach of the agreement

[ ] as stated in Attachment BC-4 [x] as follows *(specify):*

$15,000 for 6 weeks of severance wages according to defendant's Severance Benefit Plan for layoffs.

$10,000 for 30 days of wages as per Labor Code 203 for failing to pay any severance wages more than one month after plaintiff's request.

BC-5. [ ] Plaintiff is entitled to attorney fees by an agreement or a statute

[ ] of $

[ ] according to proof.

BC-6. [ ] Other:

Page 3





American LegalNet, Inc.
www.FormsWorkflow.com

PLD-C-001(1)

| SHORT TITLE: Lande v. Lockheed Martin Corporation | CASE NUMBER: 108 CV 121542 |
|---|---|

First (number) **CAUSE OF ACTION—Breach of Contract**

ATTACHMENT TO [✓] Complaint [ ] Cross - Complaint

*(Use a separate cause of action form for each cause of action.)*

BC-1. Plaintiff *(name):* David Lande

alleges that on or about *(date):* October 17, 2003

a [✓] written [ ] oral [ ] other *(specify):*

agreement was made between *(name parties to agreement):*

David Lande and Lockheed Martin Corporation

[ ] A copy of the agreement is attached as Exhibit A, or

[✓] The essential terms of the agreement [✓] are stated in Attachment BC-1 [✓] are as follows *(specify):*

Plaintiff entered into regular full-time employment contract with defendant.
According to defendant's Reduction in Force Directive, an employee who declines a new position with more than 15% reduction in pay is to be laid off.
According to defendant's Severance Benefit Plan, the employee is then entitled to severance wages of 2 weeks plus 1 week per year of service.

BC-2. On or about *(dates):* March 8, 2008
defendant breached the agreement by [✓] the acts specified in Attachment BC-2 [✓] the following acts *(specify):*

terminating plaintiff's full-time staff position and replacing it without warning or consent with a half-time, half-pay hourly position, and failing to pay any severance wage according to defendant's own corporate policies.

BC-3. Plaintiff has performed all obligations to defendant except those obligations plaintiff was prevented or excused from performing.

BC-4. Plaintiff suffered damages legally (proximately) caused by defendant's breach of the agreement
[ ] as stated in Attachment BC-4 [✓] as follows *(specify):*

$15,000 for 6 weeks of severance wages according to defendant's Severance Benefit Plan.

$10,000 for 30 days of wages as per Labor Code 203 for failing to pay any severance wages more than one month after plaintiff's request.

BC-5. [ ] Plaintiff is entitled to attorney fees by an agreement or a statute
[ ] of $
[ ] according to proof.

BC-6. [ ] Other:



Form Approved for Optional Use
Judicial Council of California
PLD-C-001(1) [Rev. January 1, 2007]

**CAUSE OF ACTION—Breach of Contract**

Code of Civil Procedure, § 425.12
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

BC - 1

Lockheed Martin Corporation
Silicon Valley Regional Recruiting Center
1111 Lockheed Martin Way Sunnyvale, CA 94089-3504

LOCKHEED MARTIN

October 3, 2003

David Lande
880 Tassasara Drive
Milpitas, CA 95035

Dear Mr. Laude:

I am pleased to extend to you a ***revised*** offer of employment with Lockheed Martin. Here are the details of your offer:

| | |
|---|---|
| Company: | **Lockheed Martin Management and Data Systems – Western Region** |
| Location: | **San Jose, CA** |
| Manager: | **Theodore Blanchard** |
| Title: | **Optical Engineer Stf** |
| Salary: | **$110,000.00 annually** |

This offer is contingent upon satisfactory completion of our employment process, which includes: drug screening, completion of security process (if required), verification of your application material, and compliance with the U.S. immigration law. This law requires you to complete the U.S. Government Employment Eligibility Verification form (I-9) and to provide verification of your identity and employment eligibility on your first day of employment. This position requires a U.S. Government Security Clearance. Failure to timely secure and maintain a required U.S. Government clearance or access may result in reassignment or termination.

To accept our offer, please sign and date this letter in the space provided below and return it in the enclosed envelope. While we are confident that we will have a satisfactory employment relationship, employment with Lockheed Martin is voluntary and at-will. This means that you are free to resign at any time without cause or notice. Similarly, Lockheed Martin is free to conclude our employment relationship at any time without cause or notice. We look forward to your acceptance and would appreciate your response by **October 15, 2003.** Should you choose to accept the position, do not give notice to your current employer until you have received confirmation from me that you have passed our pre-employment processing. After the pre-employment processes are complete, I will contact you to determine your start date. If I can provide any additional information please do not hesitate to call me. Thank you and we look forward to the opportunity of working with you at Lockheed Martin.

Sincerely,

Caroline A. Youkhanna

Caroline A. Youkhanna
Employment Representative
Phone: (408) 756-0373 (local)
1-866-590-8980 x60373 (toll free)
Email: caroline.a.youkhanna@lmco.com

David Lande 10-17-03
Acceptance Signature Date

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
Social Security Number

Enclosures



5

COMMAND MEDIA—MANDATORY COMPLIANCE

**Reduction in Force (RIF)**

**1.5.2-T1-Staff-1.6-D**

**Revision: 0 Release: 12-05-06 Effective: 01-15-07**

LOCKHEED MARTIN

*Lockheed Martin Space Systems Company*

*Copyright 2006 Lockheed Martin Corporation, as an unpublished work. All rights reserved. NOTE: A hard copy of this document may not be the document currently in effect. The current version is always the version on the Lockheed Martin Intranet.*

# DIRECTIVE

**This document satisfies requirements from:** ☐ AS9100 ☐ CMMI® ☒ LM-IEP

## OBJECTIVE

This Directive provides Lockheed Martin Space Systems Company (LMSSC) with instructions to ensure the consistent application of the Reduction in Force (RIF) process for non-represented employees.

## APPLICABILITY

This document applies across all LMSSC One Company (Sunnyvale, Denver and remote sites), Major Functional Organizations, Lines of Business, and Programs/Projects.

**Note:** Other LMSSC Operations, such as Michoud and Commercial Space, may adopt this document as part of their declared Command Media sets.

This Directive is to be applied in conjunction with the following:

- CPS-528, Severance Benefits
- CPS-534, Absence From Work
- L.1-T1-Pres-1.0-D, Concept of Operations
- 1.5.2-T1-Staff-1.1-D, Workforce Planning
- 1.5.2-T1-Staff-1.3-D, Internal Placement of Employees

## TABLE OF CONTENTS

1. REDUCTION IN FORCE ..... 2
2. APPROVAL AUTHORITY ..... 3

**Note:** Standard terms and acronyms used in this document are defined in the LMSSC Glossary.



6

COMMAND MEDIA—MANDATORY COMPLIANCE

## 1. REDUCTION IN FORCE

The directions to ensure the consistent application of the RIF process are enumerated below (consult with the appropriate Human Resources Business Partner (HRBP) for step-by-step process instructions):

1. Employee availability dates will be maintained in the Employee Staffing and Forecasting (ESF) system and updated on a regular basis by the LMPeople reports to the manager.
2. When the availability date is within a three-month timeframe, it is the joint responsibility of both the manager and the affected employee to search for a new assignment if there are no additional tasks to be performed within the manager's area of responsibility.
3. The manager shall seek placement opportunities for each employee who has an assignment that is nearing completion.
4. If an employee is deployed to a Line of Business (LOB), the functional point of contact within the LOB shall search for placement opportunities within the LOB, across all LOBs, and within the applicable functional area.
5. Prior to or in conjunction with implementing the RIF process, the manager who needs to reduce headcount will seek placement for the affected employee and document the search efforts in ESF.
6. When it has been determined that the affected employee cannot be placed within LMSSC, the manager shall contact the Human Resource (HR) Business Partner to initiate the standard RIF process.
7. The RIF process will identify the employee who will be laid off, as follows:
   - If this is the same employee whose assignment is ending, the manager completes the RIF paperwork.
   - If this is not the same employee whose assignment is ending, the manager shall return to step 2 above and begin the same process with the employee identified in the RIF process.
8. If there are contractors currently supporting the program or contract where the employee is assigned, the manager shall explain in detail the specific reasons why the affected employee cannot perform the work being done by the contractor and provide the documentation as part of the RIF package.
9. The manager will determine if there are any current or imminent open positions, at any level, within the manager's area of responsibility that the manager will be staffing. An imminent opening is a position that will become available within 30 days of the date of the layoff action at the same location. This includes ESF requirements and Staffing Management System (SMS) requisitions as well as openings that the manager is aware of that are not yet entered into an LMSSC staffing system.
10. If there are positions available, the manager shall assess whether the affected employee can perform the work of the available position with minimal training or job familiarization. Minimal training or job familiarization is defined as having less than six months of experience.
11. If the employee cannot perform the work of the available position, the manager shall document the justification, listing specific skills or qualifications the employee does not have and provide the documentation as part of the RIF package.

12. If the employee can perform the work of the available position, the manager shall offer the employee the position, regardless of the level of the position.
13. The employee is required to take the available position, unless there is a reduction of 15% or more to base pay, the offer would require relocation, the new location is more than 50 miles from the principal place of residence prior to the relocation, and the new location is farther from the residence than the current place of employment.
14. If the employee declines the offered position one of the following will occur:
    - If there is no impact to base pay or location, the employee will be terminated and will be coded as a voluntary termination and a RIF is not processed.
    - If there is a reduction in pay of up to 14%, the termination will be coded as a layoff without severance. The RIF shall still be processed and approved by Equal Opportunity Programs (EOP) prior to the layoff.
    - If there is a reduction in pay of 15% or more, or the offer would require relocation and the new location is more than 50 miles from the principal place of residence prior to the relocation, and the new location is farther from the residence than the current place of employment, and the employee declines the position, the RIF process continues.
15. When the RIF paperwork is completed by the manager and approved by the HR Business Partner, it is submitted to the appropriate EOP office that will approve the RIF or provide additional direction.
16. When the RIF is approved by EOP, the HR Business Partner will notify the manager and provide the layoff documentation for the manager to present to the employee.
17. The HR Business Partner will notify the LMSSC HR Administrator who will update the disclosure report.
18. The manager will present layoff documentation to the employee on a Thursday or Friday two weeks prior to the actual layoff date, initiate the Job Action Request (JAR) and add the layoff date to the comments section.

## 2. APPROVAL AUTHORITY

This section defines the ***mandatory*** required signature approval for this document. The LMSSC integrated process architecture tier for the document determines approval authority.

**Approved By:**

Joanne M. Maguire
Executive Vice President
Lockheed Martin Space Systems Company



8

## REVISION HISTORY

This section summarizes revision history information. Release dates are added during publication.

**Note:** To trace document change to an organization, refer to the major organizational code embedded in the document's number.

| Release Date | Rev | Change Description | PCR # | Author/Lead |
|---|---|---|---|---|
| 12-05-06 | 0 | Initial Release | IPG217-001 | Helen Finneran |
| | | | | |

BC-2

**Employee ID:** 160879

**Action/Reason:** Job Reclassification/Reclass W/In Occup/Rt Strct
**Base:** $64.13 **Change Amount:** $.00
**Date:** 03/22/2008
**Percent:** 0 %

**Action/Reason:** Job Reclassification/Reclass W/In Occup/Rt Strct
**Base:** $64.13 **Change Amount:** ($64.12)
**Date:** 03/08/2008
**Percent:** -49.997 %

**Action/Reason:** Pay Rate Change/Merit Increase
**Base:** $133,382.00 **Change Amount:** $4,714.00
**Date:** 02/23/2008
**Percent:** 3.664 %

**Action/Reason:** Data Change/Standard Hours/Shift/Wrk Sched
**Base:** $128,668.00 **Change Amount:** $.00
**Date:** 03/10/2007
**Percent:** 0 %

**Action/Reason:** Pay Rate Change/Merit Increase
**Base:** $128,668.00 **Change Amount:** $5,876.00
**Date:** 02/24/2007
**Percent:** 4.785 %

**Action/Reason:** Transfer/Transfer In Lateral
**Base:** $122,792.00 **Change Amount:** $.00
**Date:** 01/29/2007
**Percent:** 0 %

**Action/Reason:** Data Change/Reorganization
**Base:** $122.792.00 **Change Amount:** $.00
**Date:** 12/30/2006
**Percent:** 0 %

**Action/Reason:** Data Change/Change AAP
**Base:** $122,792.00 **Change Amount:** $.00
**Date:** 12/01/2006
**Percent:** 0 %

**Action/Reason:** Data Change/Change in Reports To
**Base:** $122,792.00 **Change Amount:** $.00
**Date:** 08/26/2006
**Percent:** 0 %

**Action/Reason:** Data Change/Department Change
**Base:** $122,792.00 **Change Amount:** $.00
**Date:** 07/22/2006
**Percent:** 0 %

**Action/Reason:** Data Change/Change Alternate Department
**Base:** $122,792.00 **Change Amount:** $.00
**Date:** 07/01/2006
**Percent:** 0 %

**Action/Reason:** Pay Rate Change/Merit Increase
**Base:** $122,792.00 **Change Amount:** $2,410.00
**Date:** 02/27/2006
**Percent:** 2.002 %

**Action/Reason:** Data Change/Change AAP
**Base:** $120,382.00 **Change Amount:** $.00
**Date:** 12/01/2005
**Percent:** 0 %

**Action/Reason:** Pay Rate Change/Merit Increase
**Base:** $120,382.00 **Change Amount:** $7,082.00
**Date:** 09/26/2005
**Percent:** 6.251 %

**Action/Reason:** Data Change/Department Change
**Date:** 04/04/2005

10

**Base:** $113,300.00 **Change Amount:** $.00 **Percent:** 0 %

**Action/Reason:** Data Change/Department Change **Date:** 02/21/2005
**Base:** $113,300.00 **Change Amount:** $.00 **Percent:** 0 %

**Action/Reason:** Data Change/Change AAP **Date:** 12/01/2004
**Base:** $113,300.00 **Change Amount:** $.00 **Percent:** 0 %

**Action/Reason:** Pay Rate Change/Merit Increase **Date:** 09/27/2004
**Base:** $113,300.00 **Change Amount:** $3,300.00 **Percent:** 3 %

**Action/Reason:** Data Change/Department Change **Date:** 06/28/2004
**Base:** $110,000.00 **Change Amount:** $.00 **Percent:** 0 %

**Action/Reason:** Data Change/Reorganization **Date:** 02/09/2004
**Base:** $110,000.00 **Change Amount:** $.00 **Percent:** 0 %

**Action/Reason:** Hire/New Position **Date:** 10/27/2003
**Base:** $110,000.00 **Change Amount:** $.00 **Percent:** 0 %

**Employee ID:** 160879

**Effective Date:** 03/08/2008 **Sequence:** 0
**Employee Status:** Active
**Service Date / Months / Days:** 10/27/2003 / 53 / 1604
**Return Date:**
**Action/Reason:** Job Reclassification / Reclass W/In Occup/Rt Strct
**FLSA Status:** Exempt
**Job Title:** Electro-Optical Engineer Stf (E1884)
**Business Title:**
**Position Number:**
**Full/Part Time:** Part-Time
**Salary Plan / Grade / Step:** E75 / E4G / 0
**Base Rate:** $64.130000 / Hourly
**Rate Range:** (Min/Mid/Max)

| As of Effective Date | As of Today |
|---|---|
| $49.588462 / $66.117789 / $82.647115 | $49.588462 / $66.117789 / $82.647115 |

**Reports To:** 43220571 (Hawley,James G)
**Business Unit:** Space Systems Company
**Work Location:** Palo Alto Campus
**Tax Location:** California Statewide Operation
**Department:** Optics & Electro-Optics Tech. (ABDS)
**Alt Department:** Design Engrg ATC (73AA)
**Matrix Org Bus Unit:**
**Matrix Org Code:**
**Matrix Manager:**
**OCI Program Restrictions:**

| Program | Assignment Date | Restriction Started | Restriction Expiration | Restriction Status |
|---|---|---|---|---|
| TSAT IS&S | 01/31/2005 | | | Active |

12

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| DAVID LANDE<br>707 CONTINENTAL CIR<br>APT 937<br>MOUNTAIN VIEW, CA 94040<br>TELEPHONE NO.: 650 237 9039 FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional): dave_lande@yahoo.com<br>ATTORNEY FOR (Name): IN PRO PER | |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA<br>STREET ADDRESS: 191 North First Street<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: San Jose, CA 95113<br>BRANCH NAME: | |
| PLAINTIFF/PETITIONER: David Lande<br>DEFENDANT/RESPONDENT: Lockheed Martin Corporation | |
| **NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL** | CASE NUMBER:<br>108CV121542 |

TO *(insert name of party being served)*: Lockheed Martin Space Systems Company

## NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: 9/24/2008

Wantana Manovit
(TYPE OR PRINT NAME)

▶ [signature]
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

## ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of *(to be completed by sender before mailing)*:

1. ☑ A copy of the summons and of the complaint.
2. ☑ Other *(specify)*:
   ADR Information Sheet
   Civil Lawsuit Notice

*(To be completed by recipient)*:

Date this form is signed: 14 October 2008

TODD BOYER LOCKHEED MARTIN CORPORATION
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY, ON WHOSE BEHALF THIS FORM IS SIGNED)

▶ [signature]
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)



American LegalNet, Inc.
www.USCourtForms.com

LOCKHEED MARTIN

This document is a Lockheed Martin Summary Plan Description (SPD). Since SPDs change from time to time, it is important that you always review any updates before reading the document. The updates are located at the front of the SPD.

Finding what you want within this SPD is quick and easy. To navigate through the document, click on the *Bookmarks* tab at the left-hand side to display the document index. All applicable updates appear at the top of the index. After reviewing the updates, scroll down through the document or use the index and go directly to a section of specific interest.

If you have any questions about the benefits outlined in this SPD, please call the Lockheed Martin Employee Service Center:

(866) 562-2363 – for toll-free calls
(201) 242-4397 – for international callers
(800) 833-8334 – for the hearing impaired

# Your Benefits

LOCKHEED MARTIN

April 14, 2008

***Summary of Material Modifications***

## Update to your Summary Plan Description

**About this notice**

This notice is being sent to you to update specific information in the Summary Plan Description (SPD) entitled, "Severance Benefit Plan for Eligible Salaried Employees of Lockheed Martin Corporation" (LMC-Z33 – C03SPD408, effective Feb. 1, 2003).

**About the update**

Effective Feb. 15, 2008, eligible non-represented salaried employees at Aeronautics Company (excluding Sustainment Services) became participants in the Lockheed Martin Severance Benefit Plan. This represents an update to "Appendix A – Participating Employers" on page 27 of the above referenced SPD. The following documents, which are forwarded with this notice, describe the benefits outlined in the Lockheed Martin Severance Benefit Plan:

- Summary Plan Description (SPD) entitled, "Severance Benefit Plan For Eligible Salaried Employees of Lockheed Martin Corporation" (LMC-Z33 – C03SPD408, effective Feb. 1, 2003).
- Summary of Material Modifications (SMM) (LMC-ZR4 - C08SMM166) – this document – which represents this update to the Severance Benefit Plan SPD, effective Feb. 15, 2008.
- Summary of Material Modifications (SMM) (LMC-ZM3 – C07SMM457), which represents updates to the Severance Benefit Plan SPD, effective Jan. 1, 2007.
- Summary of Material Modifications (SMM) (LMC-G12 – C05SMM627), which represents updates to the Severance Benefit Plan SPD, effective March 1, 2005.

We encourage you to review these documents, keep them with your other important benefits information, and refer to them whenever you have questions about the Lockheed Martin Severance Benefit Plan.

If you have any questions or would like additional information about this plan, please see CPS-528, Severance Benefits. Additionally, you may contact the Lockheed Martin Employee Service Center toll free at 866-562-2363 or 201-242-4397 for international callers. For the hearing impaired, call toll free at 800-833-8334.

Sincerely,

*Your HR Services Team*

# Your Benefits

LOCKHEED MARTIN

May 24, 2007

*Summary of Material Modifications*

## Update to your Summary Plan Description

**About this notice**

This notice is being sent to you to update specific information in the Summary Plan Description (SPD) entitled, "Severance Benefit Plan For Eligible Salaried Employees of Lockheed Martin Corporation" (LMC-Z33 – C03SPD408, effective Feb. 1, 2003).

**About the Update**

Effective Jan. 1, 2007, eligible non-represented salaried employees at KAPL, Inc. became participants in the Lockheed Martin Severance Benefit Plan. This represents an update to "Appendix A – Participating Employers" on page 27 of the above referenced SPD.

If you have any questions or would like additional information about this plan, please see CPS-528, Severance Benefits, which will also link you to the SPD. Additionally, you may contact the Lockheed Martin Employee Service Center toll free at 866-562-2363 or 201-242-4397 for international callers. For the hearing impaired, call toll free at 800-833-8334.

Sincerely,

*Your HR Services Team*

LOCKHEED MARTIN

# Your Benefits

*March 1, 2005*

***Summary of material modifications***

## Update to your *Severance Benefit Plan* summary plan description

**About this notice**
This notice is to inform you of an update of participating employers to the Lockheed Martin *Severance Benefit Plan* summary plan description (SPD). Legally, this notice is referred to as a summary of material modifications (SMM).

**About the Update**
This SMM represents an update to Appendix A – Participating Employers on page 27 of the *Severance Benefit Plan* SPD for eligible salaried employees of Lockheed Martin Corporation. The following information will totally replace Appendix A of the SPD.

**Appendix A – Participating Employers**

Lockheed Martin Corporate Staff (including Corporate Headquarters and Corporate Shared Services)
Lockheed Martin Advanced Technology Laboratories
Lockheed Martin Enterprise Information Systems
Lockheed Martin Integrated Systems & Solutions
Lockheed Martin Integrated Systems, Inc.
Lockheed Martin International Service Corporation
Lockheed Martin Maritime Systems & Sensors (MS2)
Lockheed Martin Missiles & Fire Control
Lockheed Martin Properties, Inc.
Lockheed Martin Services, Inc.
Lockheed Martin Simulation, Training & Support
Lockheed Martin Space Systems Company
Lockheed Martin Space Operations Company
Lockheed Martin Systems Integration - Owego
Lockheed Martin Technical Operations Company
Lockheed Martin Technical Services, Inc. (Americus GA)
Lockheed Martin Transportation & Security Solutions

If you have any questions, please contact the Lockheed Martin Employee Service Center at:
(866) 562-2363 – Toll-free
(201) 242-4397 – Local or outside the U.S.
(800) 833-8334 – TDD communications

*Sincerely,*

*Your Human Resources Team*

# Severance Benefit Plan

For Eligible Salaried Employees of Lockheed Martin Corporation

LOCKHEED MARTIN

Effective February 1, 2003

Z33

This booklet does not create a contract of employment between Lockheed Martin Corporation and its subsidiaries and any employee. Nothing in this booklet prevents the Company from terminating or changing the terms of any employee's employment.

This Plan is expected to be continued indefinitely. However, the Company reserves the right to amend, suspend, or terminate the Plan at any time.

The Plan's terms cannot be modified by written or oral statements to you from human resource representatives or other personnel. No answer or statement by a human resource representative or other employee may be relied on if it differs from the terms set forth in the Plan Document.

# Table of contents


About this booklet . . . . . 2
Eligibility . . . . . 3
How the Severance Plan works . . . . . 5
Benefits continuation under severance . . . . . 7
Your ERISA rights . . . . . 8
Administrative information . . . . . 10
Plan Document . . . . . 14
Appendix A – Participating Employers . . . . . 27

# About this booklet

This Summary Plan Description and Plan Document describes the Severance Benefit Plan for Eligible Salaried Employees of Lockheed Martin Corporation (the Plan). The Plan provides financial benefits to employees who lose their jobs because of a Reduction in Force.

Capitalized words are defined in the Definitions section at the beginning of the Plan Document on page 14. Please read this booklet, share it with your family, and keep it for future reference.

## An overview

- The Severance Plan is provided by Lockheed Martin to all eligible salaried employees of Participating Employers.
- The basic Severance Benefit payable is two weeks Base Pay.
- The Supplemental Severance Benefit may pay up to a maximum of 26 additional weeks of Base Pay.
- Severance payments will be in a lump sum and are subject to taxation.

# Eligibility

## *Who is eligible*

You may be eligible for benefits under the Severance Plan if you are on the active payroll at a Participating Employer (see Appendix A), if you have been employed by the Company for at least six months, and if you are:

- a Full-time salaried Employee not covered under a collective bargaining agreement, or
- a Regular Part-time salaried Employee not covered under a collective bargaining agreement, who is regularly scheduled to work at least 20 hours a week.

Note: If your Regular Part-time or Full-time status has changed within the six months prior to your layoff date, then any severance benefits under this Plan will be calculated based upon your prior status. If your Regular Part-time or Full-time status changed more than six months prior to your layoff date, then your current status will apply for purposes of calculating benefits under the Plan.

In addition, to receive this coverage you must not have waived coverage under this Plan and your employment must be terminated by layoff as a result of a Reduction in Force.

The term "Employee" includes only those individuals that the Company classifies on its payroll records as Employees. Thus, the term does not include consultants, independent contractors, leased employees, individuals paid by a third party employer or other individuals not classified as an Employee by the Company.

## *Who is NOT eligible*

You will **not** be eligible for coverage if you do not meet the eligibility rules in the "Who is eligible" section. You will also not be eligible to receive severance benefits under this plan if:

- you are transferred to or accept another position within the Company or with any Affiliate; or
- you refuse an offer of employment within the Company unless
  - the offer results in a decrease of more than 15% of your Base Pay; or
  - the offer would require relocation, and the new location is more than 50 miles from your principal place of residence prior to the relocation, and the new location is farther from your residence than your current place of employment; or
  - the offer is for an hourly position, and you have been a salaried employee for more than 90 days at the time of your layoff; or
- you are transferred to, assume or are offered a job with
  - a purchaser of the stock of the Company, or of assets the Company, or of a business unit of the Company, or of stock or other equity interests or assets of an Affiliate or of a business unit of an Affiliate; or
  - the surviving entity following a merger or consolidation of the Company or an Affiliate with another entity; or

- an entity serving as a contractor or a succeeding contractor (including a subcontractor) for business or functions performed by the Company; or
- an entity including but not limited to a joint venture or partnership to whom control of a business unit, organization or function within the Company or a business unit of the Company or of an Affiliate, or contract is transferred, whether by stock or asset sale or other means; or
- an affiliate of any such purchaser, contractor, succeeding contractor, subcontractor or entity; or

➤ you are terminated but thereafter (and prior to the full payment of any basic Severance Benefit or Supplemental Severance Benefit under this Plan) accept reemployment or another position with any of the following:

- the Company or any Affiliate
- a purchaser of the stock of the Company, or of assets the Company, or of a business unit of the Company, or of stock or other equity interests or assets of an Affiliate or of a business unit of an Affiliate; or
- the surviving entity following a merger or consolidation of the Company or an Affiliate with another entity; or
- an entity serving as a contractor or a succeeding contractor (including a subcontractor) for business or functions performed by the Company; or
- an entity including but not limited to a joint venture or partnership to whom control of a business unit, organization or function within the Company or a business unit of the Company or of an Affiliate, or contract is transferred, whether by stock or asset sale or other means; or
- an affiliate of any such purchaser, contractor, succeeding contractor, subcontractor or entity; or

➤ you are Terminated for Cause (as determined by the Company), quit, resign, retire, fail to return from a leave of absence, or die. You may receive benefits under this Plan if you elect to retire concurrent with your termination by layoff; or

➤ you are not a citizen or resident of the United States, and your duties are primarily performed outside the United States.

# How the Severance Plan works

## *The Basic Severance Benefit*

If you are an Eligible Employee and are laid off, the basic Severance Benefit payable to you is two weeks of your Base Pay. Base Pay is defined as your weekly salary at the time of your termination of employment. If you are an eligible Regular Part-time Employee, your weekly Base Pay is determined by multiplying the number of your regularly scheduled hours in a work week times your hourly rate. Base Pay does not include management incentive compensation, overtime or any other additions to Base Pay.

### Payment of basic Severance

Your basic Severance Benefit will be paid in a lump sum, less applicable tax withholdings, as soon as practicable following your layoff.

## *The Supplemental Severance Benefit*

In addition to the basic Severance Benefit, you may be entitled to a Supplemental Severance Benefit if you sign and timely return a Release of Claims form. The Company must receive your signed form within 180 days of your layoff as a result of a Reduction in Force.

The Supplemental Severance Benefit is calculated based upon your full Years of Service. The Supplemental Severance Benefit is equal to one week of Base Pay for each full Year of Service up to a maximum of 26 weeks. With limited exceptions as outlined in the Plan document, fractional Years of Service are not counted when calculating your Years of Service.

### Release of claims

By signing and submitting the Release of Claims form, you are releasing claims that you may have against the Company, except any rights to benefits payable under the terms of any other benefit plans of the Company.

The Release of Claims form must be signed on or after your date of layoff and received by the Company within 180 calendar days of your layoff date in order to qualify for the Supplemental Severance Benefit.

### Payment of Supplemental Severance

Payment will be made in a lump sum, less applicable taxes, within thirty (30) calendar days following the timely receipt of your Release of Claims form. In no event will payment be made earlier than eight (8) calendar days of receipt of the Release of Claims form.

## *Other conditions of payment*

In order to receive the basic Severance Benefit and/or the Supplemental Severance Benefit, you must maintain a fully satisfactory work performance until your termination date, including meeting any obligations you have to the Company such as immediate reimbursement for cash advances and return of all Company property.

The Company retains the right, in its sole discretion and without notice, in an individual case or with respect to a group, to determine that there shall be no basic Severance Benefit or Supplemental Severance Benefit, provided, however, that this action would not violate any applicable laws.

If you become employed by the Company prior to the end of your Severance Period, you will be required to repay an amount equal to the amount of severance pay attributable to the number of weeks remaining in your Severance Period at the date of rehire. You may not be rehired until this amount is repaid or arrangements are made for payroll deductions from your paycheck.

If you die after your layoff but before any Severance Benefit payments have been made, your estate will receive the basic Severance Benefit. In addition, if you had signed the Release of Claims form, and it is delivered to the Company within the required time period, the Supplemental Severance Benefit will be paid to your estate.

# Benefits continuation under severance

Benefits, such as medical, dental, vision and the health care spending account, may be continued under COBRA. Other benefits, such as term life insurance, may be converted to an individual policy. You should review the Summary Plan Descriptions for these benefits for details.

# Your ERISA rights

As a participant in this Plan, you are entitled to certain rights and protection under the Employee Retirement Income Security Act of 1974 (ERISA). ERISA provides that all plan participants shall be entitled to:

## *Receive information about your plan and benefits*

- You are entitled to examine without charge, at the Plan Administrator's office and at other specified locations, such as work sites, all documents governing the Plan. You can obtain a copy of the latest annual report (Form 5500 Series) filed by the Plan with the U.S. Department of Labor, which is available at the Public Disclosure Room of the Pension and Welfare Benefit Administration.

- You can obtain, upon written request to the Plan Administrator, copies of documents governing the operation of the Plan, including copies of the latest annual report (Form 5500 Series) and updated summary plan description. The Plan Administrator may make a reasonable charge for the copies.

## *Prudent actions by plan fiduciaries*

In addition to creating rights for plan participants, ERISA imposes duties upon the people who are responsible for the operation of the employee benefit plan. The people who operate your plan, called "fiduciaries" of the plan, have a duty to do so prudently and in the interest of you and other plan participants and beneficiaries. You cannot be fired or discriminated against to prevent you from obtaining a benefit under the Plan or exercising your rights under ERISA.

## *Enforce your rights*

If your claim for a benefit is denied or ignored, in whole or in part, you have a right to know why this was done, to obtain copies of documents relating to the decision without charge, and to appeal any denial, all within certain time schedules.

Under ERISA, there are steps you can take to enforce the above rights. For instance, if you make a written request for a copy of plan documents or the latest annual report from the plan and do not receive them within 30 days, you may file suit in a federal court. In such a case, the court may require the Plan Administrator to provide the materials and pay you up to $110 a day until you receive the materials, unless the materials were not sent because of reasons beyond the control of the Plan Administrator. If you have a claim for benefits that is denied or ignored, in whole or in part, you may file suit in a state or federal court. If it should happen that Plan fiduciaries misuse the Plan's money, or if you are discriminated against for asserting your rights, you may seek assistance from the U.S. Department of Labor, or you may file suit in a federal court. The court will decide who should pay court costs and legal fees. If you are successful, the court may order the person you have sued to pay these costs and fees. If you lose, the court may order you to pay these costs and fees, for example, if it finds your claim is frivolous.

## *Assistance with your questions*

If you have questions about your plan, you should contact the Plan Administrator. If you have questions about this statement or about your rights under ERISA, or if you need assistance in obtaining documents from the Plan Administrator, you should contact the nearest office of the Pension and Welfare Benefits Administration, U.S. Department of Labor (listed in your local telephone directory), or the Division of Technical Assistance and Inquiries, Pension and Welfare Benefits Administration, U.S. Department of Labor, 200 Constitution Avenue, NW, Washington, DC 20210. You may also obtain certain publications about your rights and responsibilities under ERISA by calling the publications hotline of the Pension and Welfare Benefits Administration. To obtain the addresses and telephone numbers of the District offices, you may access the Department of Labor Pension and Welfare Benefits Administration Web site at http://askpwba.dol.gov.

# Administrative information

The information in this section explains how the Plan is administered and what your rights are under the Plan.

## *Plan name, number, and type*

The official name of the Plan is Severance Benefit Plan for Eligible Salaried Employees of Lockheed Martin Corporation, which is identified by the Plan number 585.

The Corporation assigns the Plan number. Please use the number whenever you correspond with anyone about the Plan.

This Plan is a welfare benefit plan providing severance benefits.

## *Employer identification number*

The IRS has given Lockheed Martin Corporation the employer identification number 52-1893632.

## *Plan sponsor and Administrator*

Lockheed Martin Corporation
6801 Rockledge Drive
Bethesda, MD 20817

For general plan administrative matters, contact your local business unit Human Resources department or your Business Area Human Resources Vice President's office. Phone numbers are listed in your business unit's telephone directory.

For insurance continuation matters, you may call 301-640-4095.

The Plan Administrator has the discretionary authorization to interpret and construe the terms of the Plan.

The Plan Administrator can act through a delegate.

## *Agent for service of legal process*

You can serve legal process on the Plan Administrator at the address provided under "Plan Sponsor."

## *Plan year*

The Plan year runs from January 1 to December 31 each year.

## *Plan documents*

The Summary Plan Description portion of this booklet describes the benefits, terms and conditions of the Severance Benefit Plan for Eligible Salaried Employees of Lockheed Martin Corporation as set forth in the Plan document, which is also included in this booklet. The statements in the Summary Plan Description portion of this booklet are subject to the provisions of Plan documents, which legally govern the operation of the Plan. If there is any conflict between this booklet and the Plan documents, Plan documents will govern. This booklet does not give you any rights to benefits that are not expressly provided under the Plan documents.

During normal working hours, you can review the annual report of the Plan's operations and the Plan Document under which the Plan is established or operated. These documents are available from the Plan Administrator. You can also write to the Plan Administrator and ask for copies of any or all of these documents. They will be furnished at a reasonable charge within 30 days.

## *Plan funding*

The Plan shall not be funded through a trust, an insurance contract or otherwise, and all benefit payments from the Plan shall be made from the general assets of the Company. Accordingly, you shall not have any claim against specific assets of the Company, and shall be only a general creditor, with respect to any rights you may have under the Plan.

## *Future of the Plan*

Lockheed Martin Corporation expects to continue the Plan as described in this booklet. However, the Plan may be amended, suspended or terminated, in whole or in part, at any time by action of the Corporate Vice President, Human Resources or by any authorized delegate, without notice. Any Plan change or termination may apply to all or designated classes of employees (including former employees). Upon termination of the Plan, the Company shall have no further liability hereunder, and all Plan benefits (including any amounts payable to you if you separated from service before the date of Plan termination) shall cease.

## *Benefit claims*

If you are an Eligible Employee whom the Participating Employer determines is entitled to benefits under the Plan, your Participating Employer will notify you of your entitlement to receive severance benefits and will provide any forms required in connection with application for severance benefits. If you disagree with the Participating Employer's determination of your eligibility for benefits, you may submit a claim to the Plan Administrator by remitting a written claim to the senior Human Resources official of the Participating Employer, describing the basis of your claim for benefits, together with any forms required in connection with application for a benefit, at any time within the 120-day period following the date on which you claim to have become entitled to the basic Severance Benefit or Supplemental Severance Benefit.

If you are not notified of your eligibility for these benefits but believe that you should be entitled to benefits under the Plan, you may submit a claim to the Plan Administrator by remitting a written statement to the Senior Human Resources official of the Participating Employer describing the basis of your claim for benefits. You may also request any forms required in connection with application for benefits from the same office. This request may be made at any time within the 120-day period following the date on which you claim to have become entitled to the basic Severance Benefit or the Supplemental Severance Benefit. If you are claiming a benefit under the Plan you must complete and file any required application forms with your Participating Employer.

When filing for benefits or appealing a denied claim, you may use an authorized representative if you choose.

## *The appeals process*

If your claim is denied, the Participating Employer will notify you in writing within 90 days after receiving your claim. The notice will state the following, if applicable:

- Specific reasons for denial
- Plan provisions that support the denial
- A description of any additional information needed to review your claim request
- Specific reasons for requesting additional information with an explanation as to why additional material or information is necessary
- Instructions for requesting a review of your claim denial and the applicable time limits, including information regarding your right to bring a civil lawsuit under section 502(a) of ERISA following an adverse benefit determination on review.

If special circumstances require additional time, the Participating Employer may extend the period allowed for notice of its decision by a period not to exceed ninety (90) days. Written notice of an extension, stating the circumstances requiring the extension and the date by which a final decision is expected, will be provided to you before the expiration of the initial ninety (90) day period. If you do not file your claim in a timely manner as required, you will be, to the extent permitted by law, conclusively deemed to have waived any right to contest the determination of the Participating Employer.

If your claim is denied in whole or part, you have 60 days after receipt of the written denial to make a written application for review to the Corporate Vice President, Human Resources. The review will take into account all comments, documents, records, and other information you submit relating to the claim, without regard to whether such information was submitted or considered in the initial benefit determination. If you wish, you may review the appropriate plan documents and submit written information supporting your claim. You will be provided, upon request and free of charge, reasonable access to and copies of all documents, records, or other information relevant to your claim for benefits.

Unless otherwise specified by the Corporate Vice President, Human Resources, the Corporate Vice President Human Resources (acting as Chairman) and the Corporate Staff Business Area Vice Presidents, Human Resources shall be responsible for deciding any request for an appeal of a denial of a claim. You will receive written notice of the decision not later than sixty (60) days after receipt of your application. If special circumstances exist, you will be notified in writing within the original 60-day period if an extension is required to make a decision, and you will be told the reason for the extension and the date by which a final decision is expected. The final decision of the Company shall to the extent permitted by law, be final and binding on all parties.

If your claim is approved, you will receive the appropriate benefit from the Plan. If your claim is denied on review, in whole or part, your written notice will include the following, as applicable:

- The specific reasons for the decision.
- A reference to the specific plan provisions upon which the decision is based.
- A statement that you are entitled to receive, upon request and free of charge, reasonable access to and copies of all documents, records, and other information relevant to your claim for benefits.
- A statement describing any voluntary appeal procedures offered by the Plan and your right to obtain those procedures.
- Where required, a statement that there may be other voluntary alternative dispute resolution options. The written denial on appeal will include a statement regarding your right to bring a timely civil lawsuit under section 502(a) of ERISA following an adverse determination on appeal.

## *Relationship to other benefits*

Your basic Severance Benefit or the Supplemental Severance Benefit will not be taken into account to increase any benefits provided (or continue coverage) under any other Plan or policy of the Company or an Affiliate, except as otherwise specifically provided in the other Plan or policy.

# Plan Document

## *Severance Benefit Plan for Eligible Salaried Employees of Lockheed Martin Corporation*

### *February 1, 2003*

This document sets forth the terms and provisions of the Severance Benefit Plan for Eligible Salaried Employees of Lockheed Martin Corporation (the "Plan"). The Plan provides financial benefits to eligible employees who lose their jobs because of a Reduction in Force. The Plan is intended to constitute an employee welfare benefit plan under the Employee Retirement Income Security Act of 1974 ("ERISA") and shall be interpreted and administered accordingly.

1. **Definitions.** The following terms when capitalized have the following meaning:

(a) ***Affiliate*** - Any person, any corporation, association, partnership, joint venture or other business entity of which 50% or more of the voting stock or other equity interests (in the case of entities other than corporations), is owned or controlled (directly or indirectly) by Lockheed Martin Corporation or by one or more of its Affiliates, or by a combination thereof.

(b) ***Base Pay*** - For a Full-time Employee, the Employee's weekly salary at the time of the Employee's termination of employment. For an employee who is a Regular Part-time Employee, the Employee's weekly salary at the time of Employee's termination of employment, determined by multiplying the number of his/her regularly scheduled hours in a workweek times the employee's hourly rate. Base Pay shall not include management incentive compensation, overtime or any other additions to Base Pay.

(c) ***Basic Severance Benefit*** - The benefit payable under Section 5(a) of this Plan.

(d) ***Company*** - Lockheed Martin Corporation and any Affiliate.

(e) ***Employee*** - An individual who is employed by a Participating Employer and who is classified by the Participating Employer as a "salaried employee." The term "Employee" shall not include any individual except to the extent that such individual is designated on the Participating Employer's records (or on the records of the Company on behalf of the Participating Employer) contemporaneously as an employee for all purposes including, without limitation, all purposes under Subtitle C of the Internal Revenue Code. Thus, for example, an individual shall not be an Employee if such individual (i) is designated on the Participating Employer's records (or on the records of the Company on behalf of the Participating Employer) contemporaneously as an independent contractor or a leased employee (within the meaning of section 414(n) of the Internal Revenue Code); (ii) is not contemporaneously designated as an employee on the regular payroll of a

Participating Employer; or (iii) is paid by a third party employer, such as an engineering services or temporary staffing firm or any entity other than the Company. The preceding two sentences shall apply to an individual without regard to whether a Participating Employer provides remuneration to such individual and without regard to the manner in which a Participating Employer calculates or provides any such remuneration and without regard to any retroactive classification of the individual as an employee.

(f) ***Eligible Employee*** – An Employee who satisfies the Eligibility for Coverage under Section 3 and who is not covered by any of the Exceptions to Coverage described in Section 4.

(g) ***Full-time Employee*** – An Employee normally scheduled to work at least 40 hours per week. However, if an Eligible Employee has changed from Regular Part-time to Full-time status within the six months prior to his or her layoff date, then he or she will be considered a Regular Part-time Employee for purposes of this Plan.

(h) ***Participating Employer*** - Any Affiliate of the Company listed in Appendix A to this Plan, or any division or department of the Company or of any Affiliate listed in Appendix A to this Plan.

(i) ***Plan Administrator*** - Lockheed Martin Corporation.

(j) ***Plan Year*** – the 12-month period beginning on January 1 each year and ending on the following December 31.

(k) ***Prior Plan(s)*** - The Severance Benefit Plan for Employees of Martin Marietta Corporation, the Lockheed Corporation Severance Pay Policy, the Loral Corporation Severance Plan, the Severance Benefit Plan for Salaried Employees of the Information and Services Sector of Lockheed Martin Corporation (which was adopted and effective for layoffs announced after July 1, 1998 for Employees of the former Information and Services Sector), and any other severance plan covering Employees of a Participating Employer prior to the Effective Date of this Plan.

(l) ***Reduction in Force*** - A decrease in the number of Employees resulting from a reduction in the workforce or discontinuance of operations or part of operations at a location. The term "Reduction in Force" includes only those reductions in population resulting from a decision by the Company to implement the reduction or discontinuance and does not apply to a termination of employment for any other reason. It also does not include interruptions in operations brought about by such factors as acts of God, acts of war, civil insurrections, labor disputes, and/or accidental or intentional man-caused acts resulting in loss of operational capability; nor does the term apply to attrition in the employee population that is not the

result of a decision by the Company to implement a reduction in the workforce or discontinuance of operations.

(m) ***Regular Part-time Employee*** – An Employee who is regularly scheduled to work at least 20 hours per week but less than 40 hours per week. However, if an Eligible Employee has changed from Full-time to Part-time status within the six months prior to his or her layoff date, then he or she will be considered a Full-time Employee for purposes of this Plan.

(n) ***Severance Period*** – For any particular Eligible Employee, the period of time following an Eligible Employee's layoff as a result of a Reduction in Force that lasts a number of weeks equal to the Eligible Employee's full Years of Service up to a maximum of 26 weeks.

(o) ***Supplemental Severance Benefit*** – The benefit payable under Section 5(b) of this Plan.

(p) ***Terminated for Cause*** - Terminated for any of the following reasons:

(i) any willful and continuous neglect of or refusal to perform the Employee's duties or responsibilities with respect to the Company – insubordination, dishonesty, misconduct, gross negligence or willful malfeasance by the Employee in the performance of the Employee's duties and responsibilities, or the willful taking of actions that materially impair the Employee's ability to perform his/her duties and responsibilities, or any serious violation of Company rules or regulations;

(ii) the violation of any local, state or federal criminal statute, including, without limitation, an act of dishonesty such as embezzlement, theft or larceny, if the violation either relates to the Company or could have an adverse effect on the Company or its reputation;

(iii) intentional provision of services in competition with the Company, or intentional disclosure to a competitor of the Company of any confidential or proprietary information of the Company or any Affiliate or client;

(iv) any violation of the Company's Code of Ethics and Standards of Conduct; or

(v) any similar conduct by the Employee with respect to which the Company determines in its sole discretion that the Employee has terminated employment under circumstances such that the payment of a Severance Benefit or Supplemental Severance Benefit would not be in the Company's best interest.

[redacted]

This definition of "Terminated for Cause" shall be used only for the purposes of administering and determining eligibility under this Plan. This Plan provision shall not be construed as implying that Employees may only be terminated "for cause". Generally, all Employees are employed by the Company "at will" and may be terminated at any time for any reason, with or without cause.

(q) ***Years of Service*** - The number of consecutive calendar months from (and including) the month of the Employee's date of hire through the month of the Employee's layoff, divided by 12, subject to the following:

(i) *Service Limited to Whole Years.* Fractional Years of Service will be disregarded, so that only full Years of Service will be recognized. The only exception relating to fractional years of service pertains to Eligible Employees who have more than six months of service, but less than a full year, in which case the Years of Service will be calculated as one year.

(ii) *Certain Periods of Leave.* Time periods of leave during the Employee's employment that do not or would not qualify for credited service under the pension plan applicable to the Employee's Participating Employer will be deducted from the total to calculate the Employee's Years of Service;

(iii) *Employees Who Were Acquired by the Company without Accompanying Pension Assets.* The Years of Service calculation for Employees who worked for an entity or business that was acquired by the Company ("Predecessor Employer") and whose employment transferred to the Company upon the closing of the sale of the assets of the Predecessor Employer but whose pension assets were not transferred as part of the transaction, will include the number of consecutive calendar months from (and including) the month of the Employee's date of hire with the Predecessor Employer through the month of the Employee's layoff from the Company, divided by 12, subject to the other provisions in this section 1(q).

(iv) *Rehired Employee For Less Than Three Years Who Previously Received Severance.* Years of Service for an Employee who:

(A) was previously laid off by a Participating Employer;

(B) received severance pay in connection with the prior layoff; and

(C) has less than three Years of Service since the date of rehire;

shall be based only on Years of Service after the date of rehire, except that the calculation of the Supplemental Severance Benefit shall also include the amount of severance benefits for which the Employee is eligible under this Plan but was not paid with respect to his/her prior termination by virtue of either 1) having been rehired prior to receiving payment of the full severance benefit to which he/she was eligible or 2) having received a severance benefit at the time of the previous termination that was less than the benefit payable under this Plan. Under either of these exceptions, the amount of severance benefit received by the Employee in connection with the previous termination shall be deducted from the calculation of the Supplemental Severance Benefit under this Plan. This same calculation for determining Years of Service shall also be used in calculating the Employee's Severance Period.

(v) *Rehired Employee For More Than Three Years Who Previously Received Severance.* Years of Service for an Employee who:

(A) was previously laid off by a Participating Employer;

(B) received severance pay in connection with the prior layoff; and

(C) has three or more Years of Service since the date of rehire;

shall be equal to the number of full years of credited service recognized under the pension plan(s) sponsored by the Company in which the Employee is a participant.

(vi) *Rehired Employee Who Previously Did Not Receive Severance.* Years of Service for an Employee who:

(A) was previously terminated from the Company; or

(B) was previously laid off by the Company and did not receive severance pay in connection with the prior layoff

shall be equal to the number of full years of credited service recognized under the pension plan(s) sponsored by the Company in which the Employee is a participant.

(vii) For purposes of (v) and (vi), if an Employee is not a participant in a pension plan sponsored by the Company, his/her Years of Service shall be those that would have been recognized if the Employee had participated in a pension plan during periods of prior service.

(viii) With the exception noted in Section 1(q)(iii) above, an Employee's Years of Service under the foregoing rules shall never exceed the actual number of full years worked by the Employee for the Company.

2. ***Effective Date.*** The Plan shall be effective with respect to Reductions in Force that take place on or after January 1, 2000, regardless of when the Reduction in Force is announced.

3. ***Eligibility for Coverage.*** An Employee shall be eligible for coverage under the Plan if the Employee

   (a) Is a Full-time Employee or a Regular Part-Time Employee on the active payroll of a Participating Employer; and

   (b) Has been employed by the Company as a Full-time or Regular Part-Time Employee for six months; and

   (c) Has not waived coverage under the Plan; and

   (d) Is not covered by a collective bargaining agreement with the Company; and

   (e) The Employee's employment with the Company is terminated by layoff as a result of a Reduction in Force; and

   (f) The Employee is not disqualified for a Severance Benefit because the employee falls within one of the exceptions set forth in Section 4.

4. ***Exceptions To Coverage.*** An Employee will not be entitled to a Severance Benefit if:

   (a) the Employee is transferred to or assumes another position within the Company or with any Affiliate;

   (b) the Employee refuses an offer of employment in another position within the Company, unless (A) the position would have resulted in a decrease of more than 15% of the Employee's Base Pay, or (B) the position would have required relocation to a job that is more than 50 miles from the Employee's principal place of residence prior to the relocation and the place of relocation is farther from the Employee's principal place of residence than was the Employee's original place of employment, or (C) the Employee is a former hourly employee who has been a salaried employee for more than 90 days at the time of his or her layoff, and the Employee refuses to accept an hourly position upon layoff;

(c) the Employee is transferred to, assumes, or is offered a job or position with (A) a purchaser of stock of the Company, or of assets of the Company, or of a business unit(s) of the Company, or of stock or other equity interests or assets of an Affiliate(s) or of a business unit(s) of an Affiliate; (B) the surviving entity following a merger or consolidation of the Company or an Affiliate(s) with another entity; (C) an entity serving as a contractor or a succeeding contractor (including a subcontractor) for business or functions performed by the Company; (D) an entity including but not limited to a joint venture or partnership to whom control of a business unit, organization or function within the Company or a business unit of the Company or of an Affiliate, or contract is transferred, whether by a stock or asset sale or other means; or (E) an affiliate of any such purchaser, contractor, succeeding contractor, subcontractor or entity;

(d) the Employee's employment is terminated (for any reason including termination by layoff as a result of a Reduction in Force), but thereafter (and prior to the full payment of any basic Severance Benefit or Supplemental Severance Benefit under this Plan) he/she accepts reemployment or another position with any of the following: (A) the Company or any Affiliate; (B) any purchaser of stock of the Company, or of assets of the Company, or of a business unit(s) of the Company, or of stock or other equity interests or assets of an Affiliate(s) or of a business unit(s) of an Affiliate; (C) the surviving entity following a merger or consolidation of the Company or an Affiliate(s) with another entity; (D) an entity serving as a contractor or a succeeding contractor (including a subcontractor) for business or functions performed by the Company; (E) an entity including but not limited to a joint venture or partnership to whom control of a business unit, organization or function within the Company or a business unit of the Company or of an Affiliate, or contract is transferred, whether by a stock or asset sale or other means; or (F) an affiliate of any such purchaser, contractor, succeeding contractor, subcontractor or entity;

(e) the Employee is Terminated for Cause (as determined by the Participating Employer), quits, resigns, retires, fails to return from leave of absence, or dies. If an Employee elects to retire concurrent with his/her termination by lay off, then the Employee will not fall within this exception to coverage; or

(f) the Employee is not a citizen or resident of the United States and his or her duties are primarily performed outside the United States.

For the purposes of the Plan, the term "Company" shall include any successor entity (by merger or otherwise).

[redacted]

5. ***Calculation of Severance Benefit.***

(a) *Basic Severance Benefit Applicable to all Eligible Employees.* The basic Severance Benefit payable to an Eligible Employee shall equal two weeks of the Eligible Employee's Base Pay.

The basic Severance Benefit will be paid in a lump sum, less applicable tax withholdings, as soon as practicable following the Employee's layoff as a result of a Reduction in Force.

(b) *Enhanced Severance Benefits Conditioned upon Release of Claims.* The following enhanced severance benefits are available to Eligible Employees who execute the Release of Claims:

(i) *Supplemental Severance Benefit.* In addition to the basic Severance Benefit, an Eligible Employee shall be entitled to receive a Supplemental Severance Benefit if the Eligible Employee executes and delivers a Release of Claims in the form supplied by the Company within 180 calendar days of the Eligible Employee's layoff as a result of a Reduction in Force. Among other material terms in the Release of Claims, the Eligible Employee releases claims that he/she may have against the Company, except any rights to benefits payable under the terms of any other benefit plans of the Company. The Company must actually receive the executed Release of Claims on or before the 180th calendar day from the Eligible Employee's termination date in order for the Employee to be eligible for the Supplemental Severance Benefit.

An Eligible Employee's Supplemental Severance Benefit shall be one week of Base Pay for each full Year of Service, up to a maximum of twenty-six weeks.

The Eligible Employee shall not execute the Release of Claims prior to his/her employment termination date. The Supplemental Severance Benefit will be paid in a lump sum, less applicable tax withholdings, within 30 calendar days following the Company's timely receipt of the signed Release of Claims as required under Section 5(b)(i) but in no event earlier than 8 calendar days following the receipt of the signed Release of Claims.

6. **Further Conditions on Payment of Severance Benefit.**

(a) The Company retains the right to condition payment of a basic Severance Benefit or Supplemental Severance Benefit upon the Employee maintaining fully satisfactory work performance until the effective date of the Employee's termination as agreed to by the Company, including the Employee's faithful performance of any remaining obligations the Employee may owe to the Company such as immediate reimbursement to the Company for cash advances and debit balances, and the return of all Company property, such as keys, manuals, parking passes or other Company property.

(b) The Company retains the right, in its sole discretion and without notice, in an individual case or for a group, to determine that there shall be no basic Severance Benefit or Supplemental Severance Benefit; *provided, however,* that a basic Severance Benefit or Supplemental Severance Benefit shall not be denied to any individual or group if the denial would violate applicable law.

(c) In the event an Eligible Employee who receives a Supplemental Severance Benefit becomes employed by the Company (by a Participating Employer or otherwise) prior to the end of his/her Severance Period, the Eligible Employee will repay to the Company an amount equal to the amount of the Employee's Supplemental Severance Benefit multiplied by a fraction, the numerator of which is the difference between the number of weeks in the Employee's Severance Period and the number of weeks between layoff and rehire by the Company, and the denominator of which is the number of weeks in the Employee's Severance Period. No employee may be rehired until repayment of the Supplemental Severance Benefit in accordance with this paragraph is complete or the employee authorizes deduction of the amount from the employee's paycheck.

(d) If the Eligible Employee dies after his or her lay off date, but before payment of the Severance Benefit is made, the basic Severance Benefit will be paid to his or her estate. If the Eligible Employee dies after he or she has signed the Release of Claims and it is delivered to the Company within the time limit provided in Section 5 of this Plan, then the Supplemental Severance Benefit will be paid to his or her estate.

7. **Administration.** The Company shall be the named fiduciary of the Plan and the Plan Administrator for purposes of ERISA. The Company shall be responsible for the overall operation of the Plan and shall have the fiduciary responsibility for the general operation of the Plan, although routine administration of the Plan may be performed by the human resources or benefits representative of each Participating Employer. The Company may appoint or employ such persons as it deems necessary to render advice with respect to any responsibility of the Company under the Plan. The Company shall have the discretionary authority to interpret any term of the Plan and to decide all questions concerning the eligibility of any person to participate in the Plan, the right to any benefit and the amount of any benefit payable under the Plan to any individual, and the date on which any individual ceases to be a Plan participant. The Company may allocate to any one or more of its employees any responsibility it may have under the Plan and may designate any other person or persons to carry out any of its responsibilities under the Plan. Any person who receives full-time pay from the Company shall receive no compensation from the Plan for his/her services in such capacity (other than expense reimbursements). As Plan Administrator, the Company shall maintain records of the Plan's provisions, and shall be responsible for the handling, processing and payment of any claims for benefits under the Plan.

[redacted]

8. **Claims Procedure.**

(a) Each Participating Employer shall notify each Eligible Employee whom the Participating Employer determines is entitled to benefits under the Plan of his/her entitlement to receive such benefits and shall provide any forms required in connection with application for such benefits. If any Eligible Employee disagrees with the Participating Employer's determination of his/her benefits, the employee may submit a written statement to the senior Human Resources official of the Participating Employer, describing the basis of his/her claim for benefits, together with any forms required in connection with application for a benefit, at any time within the 120 day period following the date on which the employee claims to have become entitled to the basic Severance Benefits or the Supplemental Severance Benefits. Any employee who is not so notified but believes that he/she is entitled to benefits under the Plan may submit a written statement describing the basis of his/her claim for benefits and requesting any forms required in connection with application for benefits, at any time within the 120 day period following the date on which the employee claims to have become entitled to the basic Severance Benefits or the Supplemental Severance Benefits. Each employee claiming a benefit under the Plan must complete and file with the applicable Participating Employer any required application forms.

(b) Within ninety (90) days after the claim is filed, the Participating Employer shall provide the claimant with written notice of its decision with respect to the claim. If the claim is denied in whole or in part, the Participating Employer shall, in a written notice to the claimant, set forth in a manner calculated to be understood by the claimant, the specific reason or reasons for denial, specific references to pertinent provisions of the Plan upon which the denial is based, a description of any additional material or information necessary for the claimant to perfect his/her claim and an explanation as to why additional material or information is necessary, an explanation of the provisions for review of claims set forth in this Section, and a statement of the claimant's right to bring a civil action under section 502(a) of ERISA following an adverse benefit determination on review. If special circumstances require additional time, the Participating Employer may extend the period allowed for notice of its decision by a period not to exceed ninety (90) days. Written notice of an extension, stating the circumstances requiring the extension and the date by which a final decision is expected, shall be provided to the claimant before the expiration of the initial ninety (90) day period. A claimant who does not timely file his/her claim as required shall to the extent permitted by law be conclusively deemed to have waived any right to contest the determination of the Participating Employer.

[redacted]

(c) An employee whose claim for benefits has been denied may appeal the denial to the Company and receive a full and fair review of his/her claim by filing with the Corporate Vice President, Human Resources a written application for review at any time within sixty (60) days after receipt from the Company of the written notice of denial of his/her claim provided for in Section 8(b). An employee who submits a timely written application for review will be provided, upon request and free of charge, reasonable access to and copies of all documents, records, and other information "relevant" to the claimant's claim for benefits. A document, record, or other information is "relevant" if it was (i) relied upon in making the benefit determination, (ii) was submitted, considered or generated in the course of making the benefit determination, without regard to whether such document, record or information was relied upon in making the benefit determination, or (iii) demonstrates compliance with the administrative processes and safeguards required under federal law. In connection with such review, the claimant may submit in writing issues, comments, documents, records, and other information relating to the claim to the Corporate Vice President, Human Resources. Unless otherwise specified by the Corporate Vice President, Human Resources, a committee comprised of the Corporate Vice President, Human Resources (acting as Chairman) and the Corporate Staff Business Area Vice Presidents, Human Resources shall be responsible for deciding any request for an appeal of a denial of a claim. The committee will provide an impartial review that takes into account all comments, documents, records and other information submitted by the claimant relating to the claim, without regard to whether such information was submitted or considered in the initial benefit determination. No later than sixty (60) days after receipt of a written application for review, the Company shall give the claimant written notice of its decision on review, which shall set forth in a manner calculated to be understood by the claimant specific reasons for the decision, and specific references to the pertinent provisions of the Plan upon which the decision is based. The written decision shall also include a statement that the claimant is entitled to receive, upon request and free of charge, reasonable access to and copies of all documents, records and other information relevant to his or her claim; a description of any additional material or information necessary for the claimant to perfect the claim and an explanation of why such material or information is necessary; and a statement of the claimant's right to bring a civil action under section 502(a) of ERISA following an adverse benefit determination on review. If special circumstances, including but not limited to the need for a hearing as determined by the Company, shall require additional time for making a decision on review, the period for decision may be extended by not more than sixty (60) days. Written notice of the extension, stating the circumstances requiring the extension and the date by which a final decision is expected, shall be provided to the claimant before the expiration of the initial sixty (60) day period. The decision of the Company shall, to the extent permitted by law, be final and binding on all parties.

[redacted]

(d) In filing a claim or appeal under this Section 8, an employee at his or her option may act through an authorized representative.

9. **Funding.** The Plan shall not be funded through a trust, an insurance contract or otherwise, and all benefit payments from the Plan shall be made from the general assets of the Company. Accordingly, an employee shall not have any claim against specific assets of the Company, and shall be only a general creditor, with respect to any rights he/she may have under the Plan.

10. **Amendment and Termination of Plan.** The Plan may be amended, suspended or terminated, in whole or in part, at any time by action of the Corporate Vice President, Human Resources or by any authorized delegate, without notice. Any Plan change or termination may apply to all or designated classes of employees (including former employees). Upon termination of the Plan, the Company shall have no further liability hereunder, and all Plan benefits (including any amounts payable to employees who separated from service before the date of plan termination) shall cease.

11. **No Assignment.** No basic Severance Benefit or Supplemental Severance Benefit payable under this Plan may be assigned, transferred, pledged as a security for indebtedness or otherwise encumbered, or subjected to any legal process for the payment of any claim against an Employee.

12. **Relationship to Other Benefits.** An Employee's basic Severance Benefit or Supplemental Severance Benefit shall not be taken into account to increase any benefits provided (or continue coverage) under any other plan or policy of the Company or an Affiliate, except as otherwise specifically provided in the other plan or policy.

13. **Relationship to Other Documents.** The Plan is the sole benefit plan of general applicability providing severance, layoff, plant closing or other employment termination benefits for non-represented, salaried employees of the Participating Employers. Subject to the transition period described below, all Prior Plans, other such severance, layoff, plant closing or other employment termination benefits plans in effect for employees of the Participating Employers prior to January 1, 2000 are superseded and terminated (to the extent not previously terminated) as of the Effective Date of this Plan (as defined in Section 2), including but not limited to the Severance Benefit Plan for Employees of Martin Marietta Company, the Lockheed Corporation Severance Pay Policy, the Severance Benefit Plan for Salaried Employees of the Information and Services Sector of Lockheed Martin Corporation, and the Loral Corporation Severance Plan; provided, however, that any plan or program specifically excepted from termination by the Corporate Vice President, Human Resources in writing shall not be terminated.

**Transition Period** – Any Eligible Employee who is terminated due to lay off during the time period from and including January 1, 2000 through March 31, 2000, regardless of when notified of the layoff, may elect to receive benefits under either this Plan or the Participating Employer's Prior Plan, *provided* the Prior Plan would have been applicable to the Eligible Employee on December 31, 1999, immediately prior to the Effective Date of this Plan. If the Employee elects to receive benefits under an applicable Prior Plan pursuant to the provision, the Employee will not be eligible for any benefits under this Plan.

14. **Governing Law.** Except to the extent preempted by Federal law, the Plan shall be construed, administered and enforced according to the laws of the State of Maryland, without regard to its conflict of laws provisions.

# Appendix A—
# Participating Employers

Corporate Headquarters and other affiliated units, except for Rancho Santa Margarita

Lockheed Martin Advanced Technology Laboratories

Lockheed Martin Air Traffic Management

Lockheed Martin Commercial Enterprise Solutions

Lockheed Martin Commercial Space Systems

Lockheed Martin Enterprise Information Systems

Lockheed Martin Federal Systems - Owego

Lockheed Martin Global Telecommunications

Lockheed Martin Information Systems

Lockheed Martin Integrated Systems, Inc.

Lockheed Martin International Launch Services

Lockheed Martin International Service Corporation

Lockheed Martin Management and Data Systems

Lockheed Martin Michoud Space Systems

Lockheed Martin Missiles & Fire Control - Dallas

Lockheed Martin Missiles and Fire Control - Orlando

Lockheed Martin Mission Systems

Lockheed Martin Naval Electronics & Surveillance Systems

Lockheed Martin Services, Inc.

Lockheed Martin Space & Strategic Missiles

Lockheed Martin Space Operations (DLAERO)

Lockheed Martin Space Operations Company

Lockheed Martin Special Programs

Lockheed Martin Technical Operations Company (ESLTOC)

Lockheed Martin Technical Services, Inc. (Americus, GA)