MICHELLE B. HEVERLY, Bar No. 178660
TODD K. BOYER, Bar No. 203132
LITTLER MENDELSON
A Professional Corporation
50 W. San Fernando, 15th Floor
San Jose, CA  95113.2303
Telephone:   408.998.4150
Facsimile:    408.288.5686

Attorneys for Defendant
LOCKHEED MARTIN CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DAVID LANDE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>LOCKHEED MARTIN CORPORATION,<br><br>　　　　　Defendant. | Case No. 08-cv-05099-RMW<br><br>**DEFENDANT LOCKHEED MARTIN CORPORATION'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND**<br><br>Date:　　　January 9, 2009<br>Time:　　　9:00 a.m.<br>Judge:　　　Hon. Ronald M. Whyte<br>Courtroom: 6, 4th Floor |

DEFENDANT'S OPPOSITION TO
PLAINTIFF'S MOTION TO REMAND

Case No. C08-05099-RMW

LITTLER MENDELSON
A Professional Corporation
50 W. San Fernando, 15th Floor
San Jose, CA  95113.2303
408.998.4150

## I. INTRODUCTION

Defendant Lockheed Martin Corporation hereby submits the following Opposition to Plaintiff David Lande's Motion for Remand. As is demonstrated below, jurisdiction rests squarely in the federal court based both on federal question and diversity grounds. Accordingly, Plaintiff's motion should be denied in its entirety.

## II. STATEMENT OF FACTS

Plaintiff's employment with Defendant Lockheed Martin Corporation began on October 13, 2003. At that time, and at all times since, Defendant sponsored the Lockheed Martin Severance Benefit Plan (hereinafter the "Plan"). (See Exhibit C to Defendant's Notice of Removal filed on November 7, 2008 attached to Defendant's Request for Judicial Notice.) The Plan provides severance benefits to employees whose employment is "terminated by layoff as a result of a Reduction in Force." (See Plan, p. 3.).

At the time of his hire, Plaintiff signed an offer letter which contained language affirming that Plaintiff's employment at Lockheed Martin was at-will and could be terminated without cause or notice. (See copy of Plaintiff's employment offer letter attached as Exhibit BC-1 to his Complaint.) Plaintiff signed the offer letter on October 17, 2003 and provides no evidence of any contradictory contract or language. (See Exhibit BC-1 to Plaintiff's Complaint.). According to Plaintiff's Complaint, on March 8, 2008, Plaintiff resigned his employment with Defendant after his hours were reduced. (See Complaint, p.3 ¶ BC-2.)

On August 29, 2008, Plaintiff filed this action in the Superior Court, County of Santa Clara, alleging two causes of action for breach of contract, both seeking to recover severance pay under Defendant's Severance Benefit Plan. On November 7, 2008, Defendant removed the action to this Court on the ground that this Court has exclusive federal jurisdiction of these claims under ERISA and on the ground of diversity jurisdiction. Although the complete Severance Benefit Plan was not filed with the Complaint, it was filed as part of Defendant's removal, and it is explicitly referenced in Plaintiff's Complaint. (See Plaintiff's Complaint, pp. 3, 4, ¶ BC-4 (on both pages).

Following the removal, Defendant filed a motion to dismiss Plaintiff's claims on the ground they were both preempted by ERISA. That motion was filed on November 11, 2008, was

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 W. San Fernando, 15th Floor
San Jose, CA  95113.2303
408.998.4150

DEFENDANT'S OPPOSITION TO
PLAINTIFF'S MOTION TO REMAND         1                    Case No. C08-05099-RMW

originally set to be heard on December 19, 2008, and will now be heard with the instant motion for remand on January 9, 2009.

On November 17, 2008, Plaintiff filed the instant motion for remand. In his motion he argues that Defendant has not met the standard to show either diversity or federal question jurisdiction. He is wrong on both counts.

### III. ARGUMENT

#### A. Standard For Review

Removal to federal court is proper when there exists a federal question and/or issues of federal law are raised by plaintiff's complaint, or where there is complete diversity between the parties. 28 U.S.C. §§ 1331, 1441, and 1446; Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58 (1987); Sorosky v. Burroughs Corp., 826 F.2d 794 (9th Cir. 1987). Preemption based on ERISA is usually a defense to an action and may not appear on the face of the complaint. See Metropolitan Life, 481 U.S. at 63. However, because Congress has completely preempted the area governed by ERISA "any civil complaint raising [ERISA] claims is necessarily federal in character." Therefore, any claim that arises under ERISA, whether pleaded as such or not, is properly removed to federal court. *Id.*

Likewise, the citizenship of the parties and the amount in controversy is not always specifically stated in the complaint. Nonetheless, where these items are ascertainable at the pleading stage, removal is appropriate. Singer v. State Farm Mutual Auto Ins. Co., 116 F.3d 373, 377 (9th Cir. 1997); Bosinger v. Phillips Plastics Corp., 57 F.Supp.2d 986, 989 (S.D.Cal. 1999).

#### B. The Court Has Jurisdiction Over Plaintiff's Claims Because They Are Preempted By ERISA.

In his motion for remand, Plaintiff asserts that it was unreasonable for Defendant to remove this case to federal court because the Complaint contains only causes of action that arise under state law (breach of contract and constructive discharge). As is discussed in more detail below, however, the Court must look beyond the labels of Plaintiff's claims and determine whether the controversy actually involves a federal question. Under this kind of an analysis, it is clear that Plaintiff's claims are subject to ERISA preemption.

LITTLER MENDELSON
A Professional Corporation
50 W. San Fernando, 15th Floor
San Jose, CA 95113.2303
408.998.4150

DEFENDANT'S OPPOSITION TO
PLAINTIFF'S MOTION FOR REMAND      2.      Case No. C08-05099-RMW

### 1. The "Artful Pleading" Doctrine Allows The Court To Look Past The Labels Plaintiff Has Attached To His Claims.

A plaintiff cannot avoid federal jurisdiction by "artfully pleading" his or her complaint to conceal the true nature of an action that actually asserts a federal claim under ERISA. <u>Clorox Company v. U.S. Dist. Ct. for Northern Dist. of California</u>, 779 F.2d 517, 521 (9th Cir. 1984). "The 'artful-pleading' doctrine 'allows the removing court to look to the true nature of the plaintiff's complaint when the plaintiff has attempted to avoid a federal cause of action by relying solely on state law in the complaint.'" <u>Lyster v. First Nationwide Bank Financial Corp.</u>, 829 F.Supp. 1163, 1167 (N.D. Cal. 1993) (citing <u>Garibaldi v. Lucky Food Stores, Inc.</u>, 726 F.2d 1367, 1370 (9th Cir. 1984).)

As stated in <u>Hyles v. Mensing</u>, 849 F.2d 1213, 1215 (9th Cir. 1988):

> Plaintiffs may not avoid removal by "artfully pleading" their claims to omit reference to preemptive federal law. <u>Paige v. Henry J. Kaiser Co.</u>, 826 F.2d 857, 860 (9th Cir. 1987). Even if the plaintiff's complaint does not refer to federal law, the case may be removed if federal law preempts completely the state law on which it relies and "supplants" the state claim with a federal claim. <u>Young [ v. Anthony's Fish Grottos, Inc.</u>], 830 F.2d 993, 996-97 (9th Cir. 1987).

Significantly, "the court may examine the entire record to determine if the real nature of [a] claim is federal, notwithstanding the plaintiff's characterization to the contrary, when the plaintiff has, by 'artful pleading,' attempted to defeat defendant's right to a federal forum." <u>Tortola Restaurants v. Kimberly-Clark Corp.</u>, 987 F.Supp. 1186, 1188 (N.D. Cal. 1997). Thus, it is proper to look outside the four corners of Plaintiff's Complaint "to clarify the action which plaintiff presents and to determine if it encompasses an action within federal jurisdiction." <u>Schroeder v. Trans World Airlines, Inc.</u>, 702 F.2d 189, 191 (9th Cir. 1983); <u>Olquin v. Inspiration Consol. Copper Co.</u>, 740 F.2d 1468, 1473 (9th Cir. 1984).

### 2. Plaintiff's Claims Are Completely Preempted By ERISA.

An artfully pleaded state law claim may be "recharacterized" as a federal claim by the district court to which it is removed based upon the "complete preemption" doctrine, which recognizes that "Congress may so completely pre-empt a particular area that any civil complaint raising this select group of claims is necessarily federal in character." <u>Metropolitan Life</u>, 481 U.S. at 63 (1987). The "complete preemption" doctrine provides that the preemptive force of certain federal

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 W. San Fernando, 15th Floor
San Jose, CA 95113.2303
408.998.4150

DEFENDANT'S OPPOSITION TO
PLAINTIFF'S MOTION FOR REMAND     3.     Case No. C08-05099-RMW

statutes (such as ERISA) is so powerful that it "converts an ordinary state law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." Caterpillar Inc. v. Williams, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429-30 (1987). In other words, the preemptive force of the statute is such that it leaves no room for, and displaces, any state law cause of action, leaving room only for a federal claim. "Once an area of state law has been completely pre-empted, any claim purportedly based on that pre-empted state law is considered from its inception, a federal claim, and therefore arises under federal law." Milne Employees Ass'n v. Sun Carriers, Inc., 960 F.2d 1401, 1406 (9th Cir. 1991).

The U.S. Supreme Court has expressly found the "complete preemption" doctrine applicable to ERISA benefit actions. In Metropolitan Life, the Court held that suits to recover benefits or enforce benefit rights under an ERISA plan "are to be regarded as arising under the laws of the United States in similar manner to those brought under section 301 of the Labor Management Relations Act of 1947." Id., 481 U.S. at 65-66, 101 S.Ct. at 1548. Specifically, the Court concluded:

> Congress has clearly manifested an intent to make causes of action with the scope of the civil enforcement provisions of [ERISA] § 502(a) removable to federal court. Since we have found [the plaintiff's] cause of action to be within the scope of § 502(a)... this suit, though it purports to raise only state law claims, is necessarily federal in character by virtue of the clearly manifested intent of congress. It therefore, "arises[s] under the …laws… of the United States," 28 U.S.C. § 1331, and is removable to federal court by the defendants, 28 U.S.C. § 1441(b).

Id., 481 U.S. at 66-67, 107 S.Ct. at 1548; see also Aetna Health Inc. v. Davila, 542 U.S. 200, 208-209, 124 S.Ct. 2488, 2495-2496 (2004).

        **a.    There Is No Question But That Defendant's Severance Pay Plan Is An ERISA Benefit Plan.**

ERISA regulates "employee benefit plans" which include "employee welfare benefit plans." 29 U.S.C. § 1002(3). An "employee welfare benefit plan" is in turn defined by ERISA as "any plan, fund or program … maintained by an employer …for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, (A) … benefits in the event of sickness, accident, disability, death or unemployment … ." 29 U.S.C. § 1002(1) (emphasis added).

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 W. San Fernando, 15th Floor
San Jose, CA 95113.2303
408.998.4150

DEFENDANT'S OPPOSITION TO
PLAINTIFF'S MOTION FOR REMAND

4.

Case No. C08-05099-RMW

As the language of the statute expressly indicates, an employer sponsored severance benefit plan is one type of ERISA "employee welfare benefit plan." See, e.g., Massachusetts v. Morash, 490 U.S. 107, 116, 109 S.Ct. 1668 (1989). Consistent with the statute, Defendant's Severance Benefit Plan Document expressly states that it is governed by ERISA. (See, Notice of Removal of Action, Exh. C.) In fact, in his motion to remand, Plaintiff does not even attempt to dispute that Defendant's Severance Benefit Plan is an ERISA employee welfare benefit plan. (See, Motion to Remand, *passim*.)

### b. Plaintiff's Claim That He Is Entitled To Severance Benefits Was Properly Removed As Preempted By ERISA And Falls Within ERISA's Civil Enforcement Provision

As the Ninth Circuit has recognized, ERISA "completely preempts" a state-law claim "when it both (1) preempts the claim under 29 U.S.C. § 1144(a), and (2) displaces the claim with its civil enforcement provision, 29 U.S.C. § 1132(a)." Buster v. Greisen, 104 F.3d 1186, 1188 (9th Cir. 1997) (citing Metropolitan Life Ins. Co. v. Taylor). Both requirements are met in this case.

### (1) ERISA Section 514(a) Preempts State-Law Claims Seeking Damages For An Alleged Wrongful Denial of ERISA Plan Benefits.

Section 514(a) of ERISA, 29 U.S.C. § 1144(a), sets forth the preemptive effect of the ERISA statute on state law. It provides that "this chapter [ERISA] shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan…." A state law "relates to" a benefit plan if it has "a connection with or reference to" the plan. Metropolitan Life Ins. Co. v. Massachusetts, 471 U.S. 724, 739, 105 S.Ct. 2380, 2388 (1985).

Here, in the guise of state-law breach of contract and constructive discharge claims, Plaintiff asserts that Defendant forced his resignation by reducing his hours in violation of Defendant's Reduction in Force (RIF) Policy. (Complaint, *passim*.) He further claims that because The RIF policy was implicated, so too was the Severance Benefit Plan, and that he is thus entitled to benefits under the that Plan. (*Id,* ¶ BC-1, "According to defendant's Severance Benefit Plan, the employee is then entitled to severance wages of 2 weeks plus 1 week per year of service.") These allegations form the basis of both of the causes of action set forth in Plaintiff's Complaint, and both causes of action seek damages of "$15,000 for 6 weeks of severance wages according to defendant's

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 W. San Fernando, 15th Floor
San Jose, CA 95113.2303
408.998.4150

DEFENDANT'S OPPOSITION TO
PLAINTIFF'S MOTION FOR REMAND                5.                Case No. C08-05099-RMW

Severance Benefit Plan." (Comp., ¶ BC-4.) Thus, it is clear that Plaintiff's claims "relate to" the administration of an ERISA plan and are therefore preempted. See e.g., Pilot Life Ins., Co. v. Dedeaux, 481 U.S. 31, 107 S.Ct. 1549 (1987); Shaw v. Delta Air Lines, 463 U.S. 85, 96-97 (1983).

In Pilot Life Ins., Co., the plaintiff brought state common-law tort and breach of contract claims alleging a mishandling and wrongful denial of benefits under a benefit plan established by his employer. In finding those state law claims to be preempted by ERISA the Supreme Court declared:

> There is no dispute that the common law causes of action asserted in Dedeaux's complaint "relate to" an employee benefit plan and therefore fall under ERISA express pre-emption clause, § 514(a). … The common law causes of action raised in Dedeaux's complaint, each based on alleged improper processing of a claim for benefits under an employee benefit plan, undoubtedly meet the criteria for preemption under § 514(a).

(Id., 481 U.S at 47-48, 107 S.Ct. at 1553.) Thus, the first prong of the "complete preemption" test under ERISA, namely Section 514(a)'s preemption of Plaintiff's state-law claims alleging a wrongful denial of his request for disability plan benefits under an ERISA plan, is clearly met in this case. Stone v. Travelers Corp., 68 FEP Cases 301, 303 (9th Cir. 995) (FEHA claim founded on denial of severance benefits "clearly relates to the ERISA plans in the most direct way" and "is preempted.").

Plaintiff may argue that he is not seeking benefits under the Plan, but has instead merely used the Plan as a measure of damages and that ERISA is thus not implicated. Plaintiff's claim in this regard is disingenuous, as any benefits under the Severance Pay Plan are not automatic, and instead require administrative application of the Plan. Accordingly, any award of severance will require the Court interpret the Plan documents. Moreover, any claim for severance benefits in connection with Plaintiff's wrongful termination claim is at least implicitly preempted by ERISA because it "conflicts directly with an ERISA cause of action." Ingersoll-Rand Co. v. McClendon, 111 S.Ct. 478, 484-485 (1990). In other words, because Plaintiff's termination and breach of contract claims attempt to redress the same acts prohibited by Section 510 of ERISA, they must be preempted. Id. at 486, quoting, Lingle v. Norge Div. of Magic Chef, Inc., 486 U.S. 399, 409 n.8 (1988); see also, Felton v. Unisource, 57 FEP Cases 209, 213 (9th Cir. 1991) (finding the plaintiff's

LITTLER MENDELSON
A Professional Corporation
50 W. San Fernando, 15th Floor
San Jose, CA 95113.2303
408.998.4150

DEFENDANT'S OPPOSITION TO
PLAINTIFF'S MOTION FOR REMAND        6.        Case No. C08-05099-RMW

wrongful termination claim preempted where plaintiff sought benefits under an ERISA plan).

### (2) Plaintiff's Claims Seeking Damages For The Denial Of Severance Benefits Fall Within ERISA's Civil Enforcement Provision

Section 502(a) of ERISA, 29 U.S.C. § 1132(a), sets forth the statute's civil enforcement provisions. Section 502(a) provides in pertinent part:

> A civil action may be brought –
>
> by a participant or beneficiary –
>
> … (B) to recover benefits due him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan;

(29 U.S.C. §1132(a)(1)(B). It is well established that an action by a plan participant alleging a wrongful denial of benefits under an ERISA plan clearly falls within the civil enforcement provision found in ERISA Section 502(a)(1)(B). Yeager v. Reliance Standard Life Ins. Co., 88 F.3d 376 (6th Cir. 1996) (case properly removed where participant's action for improper denial of long term disability benefits provided under employer plan stated a claim under 502(a)(1)(B)); Cargile v. Confederation Life Ins. Group Plans, 748 F.Supp. 874, 875 (N.D. Ga. 1990) (employee's action against employer and plan administrator for failure to pay long term disability benefits is an ERISA action).

Here, Plaintiff's claims for damages based on Defendant's alleged violation of its RIF plan and ensuring failure to pay him severance under the Severance Benefit Plan is clearly a claim brought by a plan participant "to recover benefits due [him] under the terms of the plan [or] to enforce [his] rights under the terms of the plan." As such, despite the state law labels Plaintiff has attached to his claims, they constitute an action within the scope of ERISA Section 502(a)(1)(B). See, e.g., Russell v. Massachusetts Mutual Life Ins. Co., 722 F.2d 482, 487-488 (9th Cir. 1982) (holding that the plaintiff's state law causes of action based on the defendant's processing of her disability claim under an ERISA regulated benefit plan were preempted by ERISA), *rev'd on other grounds,* 473 U.S. 134, 138, 105 S.Ct. 3085, 3088, n. 4 (1985). Since this Court has subject matter jurisdiction over such ERISA claims, Plaintiff's Complaint was properly removed to this Court.

LITTLER MENDELSON
A Professional Corporation
50 W. San Fernando, 15th Floor
San Jose, CA 95113.2303
408.998.4150

DEFENDANT'S OPPOSITION TO
PLAINTIFF'S MOTION FOR REMAND

7.

Case No. C08-05099-RMW

### C. Alternatively, The Court Has Jurisdiction On The Basis Of Diversity.

As noted, Defendant removed this case to federal court on alternative grounds, as Plaintiff's complaint both identified a federal question and was brought against a citizen of another state. Despite Plaintiff's current arguments, Defendant's removal on the basis of diversity jurisdiction was thus proper.

### 1. As Citizens Of Different States, The Parties Are Diverse.

Diversity exists between the parties to a lawsuit so long as no plaintiff is the citizen of the same state as any defendant at the time the action was filed and at the time of removal. Strawbridge v. Curtiss, 7 U.S. (3 Branch) 267 (1806); see also United Food Local 919 v. Centermarie Properties, 30 F.2d 298, 301 (2nd Cir. 1994). Plaintiff does not dispute that he is a citizen of the State of California. Defendant Lockheed, as a corporation is a citizen of its state of incorporation and where it has its principal place of business. 28 U.S.C. § 1332(c)(1). At the time the action was commenced, and at the time of removal, Defendant was a corporation organized under the laws of the State of Maryland, with its principal place of business also in that state. (Declaration of Dion Asuncion, ¶ 2.) Thus, the parties are completely diverse.

Plaintiff concedes that Defendant Lockheed is incorporated in Maryland, but argues that because it employs 8,000 employees in California, its has a "substantial presence" here and thus should be considered a citizen of this state. In determining a corporation's "principle place of business" for purposes of assessing diversity jurisdiction, Ninth Circuit courts examine the entity's "total activities," taking into account all aspects of the corporation's business, including where its operations are located, where it supervises that business, and where it employs persons and conducts its business. Industrial Tectonics, Inc. v. Aero Alloy, 912 F.2d 1090, 1094 (9th Cir. 1990). "[T]he purpose of jurisdiction is to avoid the effects of prejudice against outsiders. Thus, the principal place of business should be the place where the corporation conducts the most activity that is visible and impacts the public." Id. However, where no one state contains a "substantial predominance of the corporation's business activities" the Ninth Circuit courts have applied the "nerve center" test and held that a corporation's principal place of business is the state where its corporate headquarters is located. Id.

LITTLER MENDELSON
A Professional Corporation
50 W. San Fernando, 15th Floor
San Jose, CA 95113.2303
408.998.4150

DEFENDANT'S OPPOSITION TO
PLAINTIFF'S MOTION FOR REMAND       8.       Case No. C08-05099-RMW

Defendant Lockheed's employees are also centralized outside of California, with only roughly 12% of its 140,000 employees in California. (Asuncion Decl., ¶ 4.) Defendant's senior corporate officers are located in its Bethesda, Maryland headquarters, which is also home to the Company's Board of Directors meetings. (Asuncion Decl., ¶ 3.) Finally, Defendant Lockheed does not have significant human resources, legal, payroll, accounts payable or revenue management operations in the State of California. (Asuncion Decl., ¶ 5.) These facts strongly support a finding that Defendant Lockheed is not a "citizen" of California.

In <u>Arrellano v. Home Depot</u>, 245 F.Supp.2d 1102 (9th Cir. 2003), the court found that the nationwide retail chain did not conduct a substantial predominance of its business in California, despite the fact that unlike Defendant Lockheed, it had more employees in California than any other state. <u>Id</u>. at 1106-07. The court noted that "[a]lthough California has more Home Depot employees and stores, the margin is not significant enough for a corporation that conducts business in forty-nine of the fifty states. Because California is the state with the largest population, business activity on a national scale can be expected to be greater in California." <u>Id</u>. at 1106; see also, <u>Ho v. Ikon Office Solutions, Inc.</u>, 143 F. Supp. 2d 1163, 1164, 1168 (N.D. Cal. 2001) (plaintiff's motion to remand denied as an application of the "nerve center" test demonstrated that there was diversity jurisdiction, where the company's employees and operations were spread throughout the company). Thus, the court ultimately held that Home Depot was a citizen of the State of Georgia, where its corporate headquarters and "nerve center" were located. <u>Id</u>.

Much like Home Depot, Defendant Lockheed's facilities and employees are spread across the United States. (Asuncion Decl., ¶ 2, 4). Like in <u>Home Depot</u>, the level of business Defendant conducts in California does not rise to the level of establishing a "substantial predominance of business" in the state. Consequently, Defendant's principal place of business is the location of its corporate headquarters, Maryland, and removal on diversity grounds was proper.

**2.    The Complaint Satisfy The Amount In Controversy Requirement.**

The removal statute provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 W. San Fernando, 15th Floor
San Jose, CA 95113.2303
408.998.4150

DEFENDANT'S OPPOSITION TO
PLAINTIFF'S MOTION FOR REMAND          9.          Case No. C08-05099-RMW

1  action is pending." 28 U.S.C. § 1441(a). A federal district court may assert subject matter

2  jurisdiction over a case when the amount in controversy exceeds $75,000 exclusive of interests and

3  costs and the parties are citizens of different states. 28 U.S.C. § 1332. As noted above, the parties

4  are citizens of different states. Nonetheless, Plaintiff contends that the amount in controversy has

5  not been met because he is suing for a "fixed sum."

6        In assessing whether a diversity based removal is proper, the question is whether the

7  removing party has demonstrated that the amount in controversy "more likely than not" exceeds

8  $75,000. <u>Sanchez v. Monumental Life Ins. Co.</u>, 102 F.3d 398, 404 (9th Cir. 1996). <u>Singer v. State

9  Farm Mutual Auto. Insurance Co.</u>, 116 F.3d 373, 377 (9th Cir. 1997); <u>Conrad Associates v. Hartford

10  Accident & Indemnity Co.</u>, 994 F. Supp. 1196, 1198 (N.D. Cal. 1998). As Defendant pointed out in

11  its removal, given that Plaintiff claims breach of employment agreement, and because he earned in

12  excess of $110,000, should he prevail it is more likely than not that his damages will far exceed the

13  $75,000 jurisdiction limit.

14        Despite his admission that his earnings were well over $75,000, Plaintiff now claims

15  that his damages are limited by the amount specified in Defendant's Severance Benefit Plan.

16  Plaintiff cannot, however, have it both ways. In other words, Plaintiff's claims either arise out of the

17  Severance Benefit Plan, in which case federal jurisdiction would be appropriate under ERISA, or

18  they do not. If they do not, the damages are likewise unlimited and diversity jurisdiction exists.

19  Either way, Defendant's removal was proper and Plaintiff's motion for remand must be denied.

20  **IV. CONCLUSION**

21        For the foregoing reasons, Defendant requests that the court deny the instant motion

22  on the ground that federal jurisdiction is proper based on both federal question and diversity

23  jurisdiction.

24  Dated: December 19, 2008

25                                                                //s// Todd K. Boyer

26                                                               TODD K. BOYER
                                                             LITTLER MENDELSON

27                                                               A Professional Corporation
                                                             Attorneys for Defendant

28  Firmwide:87694148.1 051770.1010                 LOCKHEED MARTIN CORPORATION

LITTLER MENDELSON
A Professional Corporation
50 W. San Fernando, 15th Floor
San Jose, CA 95113.2303
408.998.4150

DEFENDANT'S OPPOSITION TO
PLAINTIFF'S MOTION FOR REMAND     10.    Case No. C08-05099-RMW