E-FILED on   4/14/09

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DAVID LANDE,<br><br>            Plaintiff,<br><br>      v.<br><br>LOCKHEED MARTIN CORPORATION,<br><br>            Defendant. | No. C-08-05099 RMW<br><br>ORDER DENYING PLAINTIFF'S MOTION TO REMAND GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS<br><br>**[Re Docket Nos. 5, 9]** |

*Pro se* plaintiff David Lande filed a complaint against his former employer, defendant Lockheed Martin Corp., in Santa Clara County Superior Court. Lockheed removed the action to this court. Lande now moves to remand the action, and Lockheed opposes the motion. Lockheed moves to dismiss this case, and Lande opposes that motion. The matter came on for hearing before the court on January 9, 2009, at which time the court sought supplemental briefing from the parties. The court has reviewed the papers and considered the arguments of counsel. For the following reasons, the court denies the motion to remand and grants in part and denies in part the motion to dismiss. Plaintiff shall have twenty days leave to amend the complaint, failing which the remaining claim will be remanded to state court.

# I. BACKGROUND

In October 2003, David Lande accepted a job with Lockheed as an optical engineer. Complaint at 5 (Docket No. 1, Ex. A). The offer letter described the position as "at-will" employment and explained that Lockheed could terminate Lande's employment at any time. *Id.*

In 2007, Lockheed adopted a "reduction in force" policy. *Id.* at 6-9. Under the policy, Lockheed sought to provide alternative work for its employees whose jobs Lockheed planned to eliminate. *Id.* at 7. If the employee declined the new job offered by Lockheed, the company would deem the job elimination a "layoff" if the new, declined job had base pay of 85% or less of the employee's original job. *Id.* at 8. Whether this process results in a "layoff" is significant because a laid-off employee could qualify for severance benefits under Lockheed's Severance Benefit Plan. *See id.* at 3-4, 8.

On March 8, 2008, Lockheed reclassified Lande as "electro-optical engineering staff," replacing his annual salary of $133,382.00 with an hourly wage of $64.13. *Id.* at 12. Though this could project to annual pay of approximately $128,000 per year (assuming a 40-hour workweek and 50 weeks worked in a year), Lande alleges that Lockheed cut his hours by half as well. *Id.* at 3-4. Lande appears to have worked for a few weeks in the position, though it also appears that Lockheed did not give Lande the option of accepting a layoff and severance benefits. *See id.* at 3-4, 12. According to Lande, this reclassification made his "position untenable and forced [his] resignation." *Id.* at 3.

Lande filed suit in Santa Clara County Superior Court, alleging two causes of action for "breach of contract." The first cause alleges that Lockheed breached its contract with Lande by replacing his full-time position with the new, part-time position. *Id.* at 4. The alleged essential terms of the contract include Lockheed's Reduction in Force Directive, "pursuant to which an employee who declines a new position with more than 15% reduction in pay is to be laid off," and which would then entitle plaintiff to severance wages under the Severance Benefit Plan. *Id.* at 4. Lande alleges that Lockheed breached its contract by "terminating plaintiff's full-time staff position and replacing it without warning or consent with a half-time, half-pay hourly position, and failing to pay any severance wage according to [Lockheed's] own corporate policies." *Id.* As damages, Lande

ORDER DENYING PLAINTIFF'S MOTION TO REMAND AND GRANTING IN PART LOCKHEED'S MOTION TO DISMISS
No. C-08-05099 RMW
TER                                                                 2

seeks "$15,000 for 6 weeks of severance wages according to [Lockheed's] Severance Benefit Plan for layoffs" and "$10,000 for 30 days of wages as per Labor Code 203 for failing to pay any severance wages more than one month after [Lande's] request." *Id.* at 3, 4.

The second cause of action is based on similar allegations, but alleges that Lockheed's actions resulted in a "constructive termination" of Lande's employment by forcing him to resign. *Id.* at 3. Lande also seeks similar relief: "$15,000 for 6 weeks of severance wages according to [Lockheed's] Severance Benefit Plan" and "$10,000 for 30 days of wages as per Labor Code 203 for failing to pay any severance wages more than one month after [Lande's] request." *Id.* at 3, 4.

Lande served Lockheed on October 14, 2008. Docket No. 1, Ex. B. Lockheed removed the action to this court on November 7, 2008.

## II.  ANALYSIS

Lande has filed a motion to remand this action back to state court, arguing that Lockheed's removal was improper. Lockheed opposes the motion and separately moves to dismiss the case with prejudice. For the reasons set forth below, the court finds that removal was proper, based on the preemption by ERISA of the first cause of action and thus denies the motion to remand. The court also finds that it is proper to dismiss the first cause of action, with leave to amend, but to deny the motion to dismiss the second cause of action.

### A.  Motion to Remand

Lande seeks an order remanding this action back to state court. Lockheed removed the action to federal court under 28 U.S.C. §1441(b), contending that the state court action presented federal question claims (based on preemption by ERISA) and also contending that the court has diversity jurisdiction under 28 U.S.C. §1332(a)(1).

#### 1.  Federal Question Jurisdiction

With regard to the federal question jurisdiction, Lockheed based its petition for removal on the existence of a federal question as to whether ERISA preempts Lande's contract claims. Lande's complaint alleges two state law causes of action, both of them for breach of contract. Lockheed contends that both of Lande's claims are preempted by ERISA because the claims are claims for

ORDER DENYING PLAINTIFF'S MOTION TO REMAND AND GRANTING IN PART LOCKHEED'S MOTION TO DISMISS
No. C-08-05099 RMW
TER                                                      3

benefits under the Severance Benefit Plan, which Lockheed argues falls under ERISA.  This contention requires the court to determine 1) whether Lockheed's Severance Benefit Plan falls under ERISA, and if so, 2) whether Lande's breach of contract claims are preempted.

Turning to the first inquiry, the court must determine whether Lockheed's Severance Benefit Plan falls under ERISA.  The definition of "employee benefit plan" includes "any plan, fund, or program which was heretofore or is hereafter established or maintained by an employer . . . to the extent that such plan, fund, or program was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, . . . benefits in the event of . . . unemployment[.]"  *See* 29 U.S.C. §§ 1002(1), 1002(3).  Not all severance plans trigger ERISA.  *See Fort Halifax Packing Co., Inc. v. Coyne*, 482 U.S. 1, 12 (1987) ("To do little more than write a check hardly constitutes the operation of a benefit plan.").  A severance plan must involve an "administrative scheme" of "ongoing, particularized, administrative, discretionary analysis" to convert an employer's provision of severance benefits into an "employee benefit plan" governed by ERISA.  *Bogue v. Ampex Corp.*, 976 F.2d 1319, 1323 (9th Cir. 1992).  In other words, "a relatively simple test has emerged to determine whether a plan is covered by ERISA: does the benefit package implicate an ongoing administrative scheme?"  *Delaye v. Agripac, Inc.*, 39 F.3d 235, 237 (9th Cir.1994); *Bogue*, 976 F.2d at 1323.[1]  The court finds that it does, and therefore falls under ERISA.

That does not end the inquiry, however, for the court must also determine whether Lande's claims are preempted.  In this case, Lande asserts two claims for breach of his employment contract with Lockheed.  The first cause alleges that Lockheed breached its contract with Lande by replacing his full-time position with the new, part-time position.  *Id.* at 4.  The alleged essential terms of the contract include Lockheed's Reduction in Force Directive, "pursuant to which an employee who declines a new position with more than 15% reduction in pay is to be laid off," and which would

---

[1]  This test turns on the nature of the employer's provision of benefits; it does not turn on whether or not an employer intends for its plan to fall under ERISA.  *Bogue*, 976 F.3d at 1323 ("Whether or not Allied-Signal ever thought it would have to administer an ERISA plan does not matter.").  Thus, Lockheed's argument that its plan documents state that the plan is governed by ERISA is off-point.

ORDER DENYING PLAINTIFF'S MOTION TO REMAND AND GRANTING IN PART LOCKHEED'S MOTION TO DISMISS
No. C-08-05099 RMW
TER                                                                 4

then entitle plaintiff to severance wages under the Severance Benefit Plan. *Id.* at 4. The claim is therefore a claim for severance wages under the Severance Benefit Plan; in other words, it is a claim for benefits under an ERISA plan. Accordingly, the claim is preempted. *Blau v. Del Monte Corp.*, 748 F.2d 1348, 1356 (9th Cir. 1984); 29 U.S.C. §§1132(a)(1)(B) and 1132(a)(3).

Lande's second cause of action, however, is a state law claim for breach of contract that does not, by its terms, seek payment of benefits under the Severance Benefit Plan. Instead, the claim alleges that Lockheed breached the contract by "terminating plaintiff's full-time staff position and replacing it without warning or consent with a half-time, half-pay hourly position, and failing to pay any severance wage according to [Lockheed's] own corporate policies." *Id.* As damages, Lande seeks "$15,000 for 6 weeks of severance wages according to [Lockheed's] Severance Benefit Plan for layoffs" and "$10,000 for 30 days of wages as per Labor Code 203 for failing to pay any severance wages more than one month after [Lande's] request." *Id.* at 3, 4. As plaintiff clarified in his reply brief on his motion to remand, this claim seeks to measure his damages by what would have been paid to him under the Severance Benefit Plan, but is not seeking benefits under the plan. Lande's Reply Brief at 3.

Not all breach of employment contract claims are preempted by ERISA, even when an ERISA plan may be implicated. Instead, the preemption question is determined by focusing on the employer's alleged motivation in terminating the employee: a claim is preempted when the complaint alleges that the employer was motivated to avoid paying benefits; but a claim is not preempted (i.e., does not "relate to ERISA") when the loss of ERISA benefits was a mere consequence of, but not a motivating factor behind, the termination. *Campbell v. Aerospace Corp.*, 123 F.3d 1308, 1312 (9th Cir. 1997) (analyzing *Ingersoll-Rand v. McClendon*, 498 U.S. 133, 140 (1990) (preemption) and *Ethridge v. Harbor House Restaurant*, 861 F.2d 1389, 1405 (9th Cir. 1988) (no preemption)). Here, the complaint does not allege that Lockheed breached its contract through constructive termination in order to avoid payment of the severance benefits. Accordingly, Lande's second cause of action for breach of contract is not preempted.

ORDER DENYING PLAINTIFF'S MOTION TO REMAND AND GRANTING IN PART LOCKHEED'S MOTION TO DISMISS
No. C-08-05099 RMW
TER                                           5

1  Because Lande's first cause of action is preempted by ERISA, even if the second claim was
2  not, a federal question is presented, and it was proper for Lockheed to remove the action to federal
3  court under 28 U.S.C. §1441.

**2. Diversity Jurisdiction**

As noted above, Lockheed also removed this case on the basis of diversity of the parties. Diversity jurisdiction imposes an amount-in-controversy requirement of $75,000. 28 U.S.C. § 1332, The removing defendant must establish that it is more likely than not that the amount in controversy exceeds the jurisdictional limit. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). But where the plaintiff dictates the amount sought by its complaint, the question is easily resolved by that pleading. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566-67 (9th Cir. 1992) ("If it is *unclear* what amount of damages the plaintiff has sought, . . . then the defendant bears the burden of actually proving the facts to support jurisdiction, including the jurisdictional amount." (emphasis in original)).

Here, the amount in controversy is clear. Lande seeks $25,000. Complaint at 3-4 (Docket No. 1, Ex. A at 3-4). This sum is less than $75,000. Lockheed's removal on this basis was frivolous.

**B. Motion to Dismiss**

Lockheed seeks dismissal of both asserted claims on the ground that they are preempted by ERISA. Lockheed further seeks dismissal of the claims with prejudice on the ground that Lande has failed to exhaust his administrative remedies under the Severance Benefit Plan, as is required prior to bringing a claim under ERISA.

As set forth in the discussion above, the court has found that Lande's first cause of action is preempted by ERISA. Accordingly, it is appropriate to dismiss this claim. Lande's second cause of action, however, is not preempted, and therefore Lockheed's motion to dismiss such claim is denied.

Turning to the question of whether the first cause of action should be dismissed with prejudice, Lockheed asserts that dismissal with prejudice is appropriate because Lande has failed to exhaust his administrative remedies under the Severance Benefit Plan. Lockheed cites case law for the proposition that exhaustion of the administrative remedies is required before bringing suit on the claim. *Chappel v. Laboratory Corp. of America*, 232 F.2d 719, 924 (9th Cir. 2000); *Sarraf v.*

1  *Standard Ins. Co.*, 102 F.3d 991 (9th Cir. 1996); *Diaz v. United Agricultural Employee Welfare
2  Benefit Plan and Trust*, 50 F.3d 1478 (9th Cir. 1995); *Amato v. Bernard*, 618 F.2d 559, 568 (9th Cir.
3  1980). Failure to exhaust renders the claim subject to dismissal, unless plaintiff establishes that
4  requiring exhaustion would have been futile. *Amato*, 618 F.2d at 568; *Diaz*, 50 F.3d at 1485-86;
5  *Vaught v. Scottdsale Healthcare Corp. Health Plan*, 546 F.3d 620, 626-27 (9th Cir. 2008).

Lande has not had the opportunity to allege that he has exhausted his remedies under the Severance Benefit Plan, nor has had the opportunity to allege that complying with the exhaustion requirement would have been futile. Accordingly, it is not appropriate to dismiss the claim with prejudice at this time. Therefore, the court will grant Lande twenty days leave to amend to assert a claim under ERISA, should he choose to do so.

### C. Discretion to Remand

Having dismissed the only claim giving rise to jurisdiction in this court, albeit with leave to amend, the court is now left with an action involving only a state law claim for breach of contract that is well below the jurisdictional threshold. While the court has supplemental jurisdiction over this claim under 28 U.S.C. §1367(a) because removal of the entire action was proper, the court also has discretion to decline to exercise jurisdiction over that claim when it has dismissed the only claim over which it had original jurisdiction. 28 U.S.C. §1367(c)(3). if Lande elects not to amend the complaint to assert a claim under ERISA, then the only claim before the court will be a state law breach of contract claim where the matter in controversy is significantly below the jurisdictional threshold. The court notes that this lawsuit is in its early stages, and if Lande chooses not to amend the complaint such that no federal claim is presented, then it would be appropriate for the court to dismiss the remaining state law claim without prejudice and remand the action to state court. *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 349-50 (1988); *Les Shockley Racing, Inc. v. Nat'l Hot Rod Assn.*, 884 F.2d 504 , 509 (9th Cir. 1989).

Accordingly, if Lande chooses not to amend the complaint within twenty days, or if within that time he files a written statement that he will not amend the complaint, then the court will remand the remaining claim to the Superior Court of Santa Clara County.

### III.  ORDER

For the foregoing reasons, the court denies Lande's motion to remand and grants in part and denised in part Lockheed's motion to dismiss.  The first cause of action is hereby dismissed with leave to amend.  Lande shall have twenty days in which to file an amended complaint, should he choose to do so.

If Lande does not file an amended complaint within that time, or if instead he files a written statement that he will not amend the complaint, then the court will remand the remaining claim to the Superior Court of Santa Clara County at that time.

DATED:     4/14/09

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge

**Notice of this document has been electronically sent to:**

**Counsel for Defendant:**

Michelle B. Heverly        mheverly@littler.com

Todd Kenneth              tboyer@littler.com

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

**A copy of this document has been mailed to:**

David Lande
707 Continental Cir
Apt. 937
Mountain View, CA 94040

**Dated:**     4/14/09                                    TER
                                              **Chambers of Judge Whyte**

United States District Court
For the Northern District of California